UNITED STATES v. A LOT OF PRECIOUS STONES AND JEWELRY et al.

(Circuit Court of Appeals, Sixth Circuit. January 12, 1905.)

No. 1,336.

1. INTERNAL REVENUE—UNLAWFUL IMPORTATION—STATUTES—FORFEITURES.
   Where it was charged that certain precious stones and jewelry were imported with intent to defraud the United States of duty thereon, a proceeding in rem to forfeit the same was properly brought under Rev. St. § 3082 [U. S. Comp. St. 1901, p. 2014], providing for forfeiture of merchandise fraudulently imported.

2. SAME.
   But such proceeding in rem does not lie under said section 3082, Rev. St. [U. S. Comp. St. 1901, p. 2014], to forfeit money arising from the sale in this country of goods fraudulently imported.

3. SAME—INDICTMENT—ACQUITTAL—BAR.
   Where a person charged to have fraudulently imported certain merchandise with intent to defraud the United States of duty legally payable thereon was tried and acquitted, such acquittal was a bar to a further proceeding to forfeit the merchandise as against him.

4. SAME—NOLLE PROSEQUI.
   An information having been filed to forfeit certain merchandise and money for fraudulent importation, with intent to defraud the United States of duty, indictments were found against the alleged importer and his wife; and on trial thereof the importer was acquitted, after which the indictment against the wife was nolled. Held, that such nolle prosequi was not a judgment of acquittal, and was, therefore no bar to the proceeding to forfeit as against the wife.

In Error to the District Court of the United States for the Eastern District of Michigan.

Wm. D. Gordon, U. S. Atty., and James V. D. Willcox, Asst. U. S. Atty.

H. Charles T. Wilkins, for defendants in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This was an information filed on behalf of the United States to forfeit a lot of precious stones and jewelry, and $1,020 in money, which had been seized by an in-

spector, and was in the custody of the collector of customs at Detroit. The proceeding was instituted under section 3082 of the Revised Statutes [page 2014, U. S. Comp. St. 1901]. The information contained three charges: First, that this lot of precious' stones and jewelry was fraudulently imported into the United States from Canada by Albert Schmidt and Sara A. Crawford, without invoicing the same or, paying the duty thereon, with intent to defraud the United States of its lawful revenue, to wit, said duty; second, that, after the lot of precious stones and jewelry had been thus fraudulently imported into the United States contrary to law, Albert Schmidt and Sara A. Crawford, knowing the fact, did unlawfully receive, conceal, and facilitate the transportation thereof with the same intent; and third, that after certain other precious stones and jewelry had at the same time been fraudulently imported into the United States contrary to law, and with the same intent, Albert Schmidt and Sara A. Crawford, knowing the fact, did receive, conceal, and facilitate the sale thereof, and thus converted the same into money, being the $1,020 seized and sought to be forfeited in this case.

After the filing of the information, criminal indictments were found and presented in the court below against Albert Schmidt and Sara Crawford Schmidt, then his wife (being the Sara A. Crawford of the information), separately charging each with a violation of the provisions of section 3082 of the Revised Statutes [page 2014, U. S. Comp. St. 1901], by having fraudulently imported into the United States the lot of precious stones and jewelry described in the information, and of having unlawfully received, concealed, and facilitated the transportation of the same, with intent to defraud the United States of its lawful revenue, to wit, the duty thereon. The unlawful acts charged against each separately in the indict-' ments were the same as those alleged against the two jointly in the information. Albert Schmidt was tried under the indictment against him, and acquitted. Thereupon the court, at the request of the United States attorney, entered a nolle prosequi to the indictment against Sara Crawford Schmidt.

In the suit below, Albert Schmidt and Sara Crawford Schmidt appeared individually as claimants, each asserting the title to a portion of the precious stones and jewelry described. A demurrer was interposed to the claim of forfeiture made to the $1,020 in money, and a plea in bar to that set up to the lot of precious stones and jewelry. The plea in bar sets forth that the fraudulent acts, omissions, and intents charged in the indictments against Albert Schmidt and Sara Crawford Schmidt were the same acts, omissions, and intents relied on in the information, and that the acquittal of Schmidt, followed by the nolle as to his wife, constituted a bar to the further prosecution of this action. The case was submitted to the court below on an agreed statement of facts. The court held that the money in question was not subject to forfeiture in this proceeding, and sustained the demurrer to that portion of the information. With respect to the lot of precious stones and jewelry, it was held that, in view of the agreed statement of facts, the

acquittal of Schmidt in the criminal case was a bar to any further prosecution of the forfeiture proceedings. The action of the court in these particulars is assigned as error.

1. It is contended that the $1,020 in money was subject to forfeiture under section 9 of the act of June 10, 1890, c. 407, 26 Stat. 135 [U. S. Comp. St. 1901, p. 1895], known as the "Customs Administrative Act." This section provides that:

"If any owner, importer, consignee, agent or other person shall make or attempt to make any entry of imported merchandise by means of any fraudulent or false invoice * * * or by means of any false or fraudulent practice or appliance whatsoever, or shall be guilty of any willful act or omission by means whereof the United States shall be deprived of the lawful duties, or any portion thereof, accruing upon the merchandise * * * affected by such act or omission, such merchandise, or the value thereof, to be recovered from the person making the entry, shall be forfeited," etc.

It is to be observed that, in terms, the section only authorizes the recovery of the value of the merchandise "from the person making the entry." But if this is construed to mean that the value of the merchandise may be recovered from the person guilty of any willful act or omission by which the United States shall be deprived of the lawful duties on any merchandise, whether entered or not, still the remedy is one by an action to recover the value of the merchandise from the person referred to, and not by an action in rem against the money itself. United States v. Zucker, 161 U. S. 475, 16 Sup. Ct. 641, 40 L. Ed. 777. It is our opinion, however, that the information in this case was properly based, not on section 9 of the customs administrative act, but on section 3082 of the Revised Statutes [page 2014, U. S. Comp. St. 1901], which does not provide for the forfeiture of the value of any merchandise fraudulently imported into the United States.

2. It is clear that under the rule laid down in Coffey v. United States, 116 U. S. 436, 6 Sup. Ct. 437, 29 L. Ed. 684, approved in Boyd v. United States, 116 U. S. 616, 634, 6 Sup. Ct. 524, 29 L. Ed. 746, United States v. Zucker, 161 U. S. 475, 478, 16 Sup. Ct. 641, 40 L. Ed. 777, and Stone v. United States, 167 U. S. 179, 184, 17 Sup. Ct. 778, 42 L. Ed. 127, the acquittal of Schmidt operated as a bar to the further prosecution of the suit in rem, so far as it concerned him, for by the agreed statement of facts it is conceded that the issues presented by the indictment were the same as those raised by the information, and on the trial these issues were determined in his favor. But this is not true as to Sara Crawford Schmidt. Although her indictment grew out of the same alleged fraudulent transaction inquired into in his case, the acquittal of Schmidt was no bar to the prosecution of the indictment against her. She could nevertheless have been placed on trial. It is true she was not. The indictment against her was nolled. But this did not operate as an acquittal. Dealy v. United States, 152 U. S. 539, 542, 14 Sup. Ct. 680, 38 L. Ed. 545. She had not at that time been put in jeopardy, and, notwithstanding the nolle, might have been indicted again for the same offense and tried. If the question of her guilt might have been thus inquired into in a criminal case, notwithstanding the acquittal and the nolle, we are unable

to perceive any valid reason why it may not be inquired into in the forfeiture proceeding which is still pending. If there had been no indictments found against Albert Schmidt and Sara Crawford Schmidt individually, and upon the trial of the information the jury had found that Albert Schmidt was not guilty of the charge, and Sara Crawford Schmidt was, a judgment for the forfeiture of the goods seized and libeled would have followed. Since the information charges her, along with Albert Schmidt, with the fraudulent importation of these goods, and since there has been no adjudication of the question whether she was individually guilty or not, we are of the opinion that that question may still be tried in the forfeiture proceeding.

The judgment of the lower court sustaining the demurrer to the claim of forfeiture made to the $1,020 in money, and holding that the acquittal of Albert Schmidt was a bar to the further prosecution of the forfeiture proceeding against him, is affirmed; but the judgment holding that, under the agreed statement of facts, the acquittal of Albert Schmidt, either alone, or taken in connection with the nolle of the indictment against Sara Crawford Schmidt, is a bar to the further prosecution of the forfeiture proceeding against her, is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.