## CHIN KEE v. UNITED STATES.

(District Court, W. D. Texas, El Paso Division. May 3, 1912.)

### No. 322.

JUDGMENT (§ 559*)—CONCLUSIVENESS—JUDGMENT OF ACQUITTAL IN CRIMINAL PROSECUTION—DEPORTATION OF CHINESE.

Defendant, a Chinese person, was arrested for being unlawfully in this country, and an order of deportation was entered by the commissioner, from which he appealed. On the hearing he claimed to be a native of the United States, and produced the record of habeas corpus proceedings following a previous arrest, in which it was so adjudged. Pending the appeal, he was indicted for having such record in his possession with intent to defraud the United States; the indictment charging that it was false, in that he was not the person to whom it related, but had substituted his own photograph therein for that of the person of the same name who was discharged. On trial of the indictment he was acquitted. *Held*, that such acquittal was a bar to the deportation proceeding, being conclusive as against the United States upon the question in issue therein.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1077, 1078; Dec. Dig. § 559.*]

Proceedings for deportation by the United States against Chin Kee. From an order of deportation, defendant appeals. Reversed.

George Estes, for appellant.
S. Engelking, Asst. Dist. Atty., for the United States.

MAXEY, District Judge. The appellant, Chin Kee, was arrested in El Paso, Tex., charged with being a Chinese laborer and unlawfully in the United States. Upon the hearing before the commissioner, an order of deportation was entered, from which Chin Kee has appealed.

Upon the hearing he claimed to be a citizen of this country, and in support of such claim introduced a copy of a record from the United States District Court for the Northern District of California. This record contains the proceedings in a habeas corpus matter, instituted

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the year 1900; and it was found by the referee in the case that the Chin Kee who applied for the writ was a native of the United States, having been born in the city of San Francisco in 1875. Upon consideration of the report of the referee, an order was passed on March 19, 1900, by the court, discharging the relator, Chin Kee, from custody. Subsequently, on, to wit. the 8th day of October, 1910, the appellant was indicted at the El Paso division of the court for having in his possession, with intent to defraud the United States, the record containing the habeas corpus proceedings above mentioned. It was alleged in the indictment that the record was false, in that the appellant had substituted his own photograph for that of the Chin Kee who was released from custody in March, 1900. To the indictment, a plea of not guilty was interposed by the appellant, and the issue was submitted to the jury. After due consideration of the case, a verdict of acquittal was returned, and judgment followed discharging the appellant.

Whether the court would have reached the same conclusion as that announced by the jury presents a question not necessary to be considered. The court is, however, of the opinion that the judgment of acquittal in the criminal case is a bar to the present proceeding and requires the discharge of the appellant. The conclusion reached by the court is based upon Coffey v. United States, 116 U. S. 444-445, 6 Sup. Ct. 441, 29 L. Ed. 684, where it was said by Mr. Justice Blatchford, as the organ of the court:

"This doctrine is peculiarly applicable to a case like the present, where, in both proceedings, criminal and civil, the United States are the party on one side and this claimant the party on the other. The judgment of acquittal in the criminal proceeding ascertained that the facts which were the basis of that proceeding, and are the basis of this one, and which are made by the statute the foundation of any punishment, personal or pecuniary, did not exist. This was ascertained once for all between the United States and the claimant, in the criminal proceeding, so that the facts cannot be again litigated between them as the basis of any statutory punishment denounced as a consequence of the existence of the facts. This is a necessary result of the rules laid down in the unanimous opinion of the judges in the case of Rex v. Duchess of Kingston, 20 Howell's State Trials, 355, 538, and which were formulated thus: The judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea a bar, or as evidence conclusive, between the same parties, upon the same matter directly in question in another court; and the judgment of a court of exclusive jurisdiction directly upon the point is, in like manner, conclusive upon the same matter between the same parties, coming incidentally in question in another court for a different purpose. In the present case, the court is the same court, and had jurisdiction, and the judgment was directly upon the point now involved, and between the same parties."

Upon the authority of the Coffey Case, the order of deportation should be reversed, and the appellant discharged from custody. And it is so ordered.