# UNITED STATES, Plff.,

## *v.*

# SEVENTEEN PIECES OF JEWELRY, Dft.

San Juan, Admiralty, No. 1068.

ACQUITTAL AS BAR TO CLAIM FOR FORFEITED PROPERTY.

Acquittal Not a Bar to Suit for Forfeiture.

> *An acquittal on an indictment under §§ 3082 and 2865, Comp.
> Stat. §§ 5785, 5548, of the Revised Statutes for smuggling jewelry
> into the United States is not a bar to an information under § 3082
> of the Revised Statutes for the forfeiture of the same jewelry.

Opinions filed June 14, July 20, 1915.

*Mr. M. M. Martin,* U. S. District Attorney, for United
States.

*Mr. J. Henri Brown,* attorney for defendant.

HAMILTON, Judge, delivered the following opinion:

At this term of court the man who is claimant in the present
suit was tried for smuggling the property described in the
information in the case at bar. He was acquitted, and now, up-
on information filed by the United States for the forfeiture of
the jewelry, claims the property and sets up that his acquittal
was in effect an adjudication of the fact that the jewelry was not

---

* Reversed on appeal, 233 Fed. 37.

United States v. Seventeen Pieces of Jewelry.

subject to forfeiture under the customs laws. The case is submitted upon complainant's demurrer to the defendant's answer setting out the previous proceedings as in the nature of *res judicata.*

1. The issue in the former case was as to the intent with which the goods were brought into the United States. The evidence tended to show that the present claimant wore some of the jewelry publicly upon his person, and was, in his home country, Colombia, in the habit of wearing many if not all the pieces himself. It is a more general custom, judging from the evidence, for men to wear jewelry in Colombia than in the United States. He was acquitted, and it is now contended that this issue covers the case at bar.

It might have been that the claimant was acquitted on the theory of reasonable doubt, and at first blush this would seem to make the former case inconclusive as to the liability of the articles to customs duty. He might have had an innocent intent, and yet have brought in articles which are subject to duty. The authorities, however, hold that the whole matter is before the jury on an indictment for smuggling. In its determination to be fair to defendants in criminal cases, the law will give him the benefit of the whole issue, and, in such a case as the indictment in question, will hold that he has committed no crime. This principle came up in a case of forfeiture of a distilling apparatus for violation of the internal revenue laws. Coffey v. United States, 116 U. S. 427, 29 L. ed. 681, 6 Sup. Ct. Rep. 432. It is expressly held that possible acquittal from reasonable doubt is not to be taken into account. The whole issue is to be held as decided in favor of the defendant. United States v. A Lot of Precious Stones, 68 C. C. A. 1, 134 Fed. 61.

VIII. Porto Rico—10.

United States v. Seventeen Pieces of Jewelry.

2. The theory of the acquittal in such a case is that, when the claimant is admitted as a party, the action becomes one between the same parties as in the previous suit, that is to say, the United States as plaintiff and Sierra as defendant. The cases above cited are broad in their expressions. It is held above that an acquittal under an indictment charging fraudulent importation of merchandise is a bar to a subsequent proceeding to forfeit the same merchandise when claimed by the defendant acquitted. This would seem broad enough to cover the case at bar. Nevertheless, it is quite possible that the claimant might have been entirely innocent in regard to the issue in the criminal case, which was as to the intent with which he brought in the goods, and yet the goods themselves might be liable to duty. A man might bring in $25,000 worth of jewelry under the erroneous impression that the American law permitted such importation. This might be shown conclusively in a number of ways, with the result that he would be acquitted. This does not involve the exemption of the jewelry from seizure. Any other view would be making a foreigner's opinion the customs law of this country. The cases cited do not, on their facts and arguments, satisfactorily cover this particular feature of the situation.

It follows, therefore, that, while the acquittal in the criminal case is conclusive in all respects so far as concerns the claimant himself, it is not conclusive as to the liability *vel non* of the goods now sought to be forfeited. The demurrer will be sustained and five days allowed the defendant to amend.

It is so ordered.

HAMILTON, Judge, delivered the following opinion July 20, 1915:

One Sierra was indicted for smuggling certain jewelry into

the United States at San Juan, and upon his trial before a petit jury was found not guilty. The United States, thereupon, through its district attorney, filed a libel against the same pieces of jewelry. Sierra now interposes a claim for this jewelry, and on the trial sets up that his own personal acquittal in the other suit in principle releases the jewelry, that is to say, that his acquittal was in effect a finding that the jewelry was not subject to duty. The court will say that its instructions to the jury previously reported on page 144 is correct, and refers to the principles therein stated.

The point urged is that the jury, in acquitting Sierra, may have done so upon the finding that the articles were not subject to duty. Cases cited on both trials may possibly be interpreted this way. Coffey v. United States, 116 U. S. 427, 29 L. ed. 681, 6 Sup. Ct. Rep. 432; United States v. A Lot of Precious Stones, 68 C. C. A. 1, 134 Fed. 61. The court, however, thinks that this is not a necessary result of these cases. In the distillery case the acquittal of the man who operated the distillery was necessarily a finding that the distillery was not operated in contravention of the Federal law. In the case at bar, however, the point was not so much as to the articles themselves as the intent of defendant Sierra in bringing them into the United States. The legal proceeding is to be construed as deciding everything properly within the issues involved; but a trial of Sierra for an intention to smuggle jewelry does not necessarily, or even fairly, include the issue whether the articles were subject to duty or not. The Sierra Case was as to his intention, and the jury found that he had no intention to smuggle. The present issue has no regard whatever to his intention, and could be tried if he had never made any claim in this case at all. The point now

at issue is, Were the pieces of jewelry subject to duty under the customs laws? Jewelry is generally so subject with certain exceptions. The court, on the evidence submitted, is convinced that the present articles were subject, except those worn and exhibited upon the person of Sierra at the time of his arrival in United States territory. It will solve any question as to such things being properly articles of personal adornment in favor of the claimant.

A judgment will therefore be entered condemning all the articles except such as were so worn. The district attorney will prepare the usual finding of facts upon consultation with the claimant's attorney, and the court will be glad to sign what seems to represent the facts shown on the trial.

It is so ordered.