## SIERRA v. UNITED STATES.

### (Circuit Court of Appeals, First Circuit. May 25, 1916.)

### No. 1156.

1. PLEADING ⊕⟳214(1)—DEMURRER—EFFECT OF.

A demurrer to the answer admits all averments of fact therein contained.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525, 529; Dec. Dig. ⊕⟳214(1).]

2. CUSTOMS DUTIES ⊕⟳134—INDICTMENT—CONSTRUCTION.

Rev. St. § 2865 (Comp. St. 1913, § 5548), declares that if any person shall knowingly and willfully, with intent to defraud, smuggle into the United States any goods subject to duty and which should have been invoiced, without paying the duty, and shall make out or attempt to pass through the customs house, any false invoice, he shall be deemed guilty of misdemeanor. Section 3082 (section 5785) declares that if any person shall fraudulently and knowingly import into the United States, or assist in so doing, any merchandise contrary to the law, such merchandise shall be forfeited and the offender fined. An indictment charged that defendant fraudulently and knowingly imported into the United States, contrary to law, goods subject to customs duty, importing them clandestinely, secretly, and without an entry being made at the customs house as required by law, and without the payment of duty thereon, with intent to defraud the United States of its lawful revenue. Held that, though the indictment was predicated on section 3082, it also charged the offense denounced by section 2865.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. §§ 336–339; Dec. Dig. ⊕⟳134.]

3. CUSTOMS DUTIES ⊕⟳133—FORFEITURES—BAR BY INDICTMENT—CONCLUSIVENESS—MATTERS CONCLUDED.

In such case, as the indictment charged a violation of both sections, an acquittal under the indictment is a bar to a proceeding under Rev. St. § 3082 (Comp. St. 1913, § 5785), to forfeit the goods introduced into the country, where the libel of information charged the same acts contained in the indictment and the essentials of both sections.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. §§ 316–331; Dec. Dig. ⊕⟳133.]

In Error to the District Court of the United States for the District of Porto Rico; Hamilton, Judge.

Libel of information by the United States of America against seventeen pieces of jewelry, claimed by Francisco Sierra. A demurrer to a paragraph of the answer was sustained, and defendant brings error. Reversed and remanded.

Carroll G. Walter, of New York City (Edward J. Patterson, of New York City, on the brief), for plaintiff in error.

James S. Allen, Jr., Asst. U. S. Atty., of Boston, Mass. (George W. Anderson, U. S. Atty., of Boston, Mass., on the brief), for defendant in error.

Before DODGE and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

BINGHAM, Circuit Judge. This was a libel of information brought by the United States Attorney for Porto Rico, in the District Court for

that district, against 17 pieces of jewelry described in the libel, and under seizure by the collector of customs for that district, as being forfeited to the United States. The "grounds or causes" of forfeiture set out in the libel are as follows:

"That on or about, to wit, the twenty-second day of January, in the year of our Lord one thousand nine hundred and fifteen, the said goods, wares, and merchandise were, by one Francisco Sierra, late of the republic of Venezuela, fraudulently and knowingly imported and brought into the United States, contrary to law, to wit, at the city of San Juan, in the district of Porto Rico, from the republic of Venezuela, said goods, wares, and merchandise, having been so imported, contrary to law, in that they were, when so imported and brought into the United States, subject by law to the payment of a customs duty to the United States, and in that said goods, wares, and merchandise were imported and brought into the United States, as aforesaid, clandestinely and secretly, and without an entry thereof being made at the customs house of the United States, as required by law, and without the payment of the duties thereon, or any part thereof, and with intent to defraud the United States of its lawful revenue, contrary to the statutes of the United States in such case made and provided."

Sierra appeared and filed a claim to the property and an answer, wherein he denied all the allegations of the libel, and in paragraph 7 set up the following defense:

"And, further answering, the said claimant alleges that the fraudulent acts, omissions, and intents set out in said libel, and the importation and bringing into the United States of said seventeen pieces of jewelry alleged therein, are the same acts, omissions, and intents, and the same importation and bringing in of the said articles of jewelry, as are recited and charged in an indictment presented and filed against him at the April term of this court, 1915, and that the fraudulent importation and bringing into the United States of the said articles of jewelry, and the clandestine and secret introduction of the same, and intents to defraud the revenues of the United States alleged in the said libel, might have been established if said allegations be true under sections 3082 and 2865 of the Revised Statutes of the United States upon which or some one or more of which the counts in said indictment were based; that all competent evidence which would be necessary to establish the fraudulent, clandestine, and secret importation and bringing in of said articles of jewelry, and intents to defraud the revenues and to establish the liability of such articles to the payment of duties, would also be competent and would tend to establish the allegations of this libel; that the charges of fraud and causes for forfeiture alleged by plaintiff herein relate to the same subject-matter and are based upon the same acts, omissions, and intents as the various allegations in said indictment contained.

"And claimant avers and says that the United States ought not to maintain its action herein for forfeiture of the said property under the provisions of section 3082 of the Revised Statutes, for at the April term, 1915, in the district and in this court, an indictment, the same above referred to, was found against him, based upon the sections 3082 and 2865 of the Revised Statutes, or on some one or more of them, alleging the fraudulent, clandestine, and secret importation and bringing into the United States of the said articles of jewelry with intent to defraud the revenues; that the counts in the said indictment contained the same charges in substance and effect, and are the same allegations of offenses and frauds, and are founded on the same sections of the statutes of the United States, as the matters and things alleged herein in plaintiff's libel, and he says that all and singular of said matters at said term, and in this court, were tried and inquired into and fully heard, and on the hearing thereof the jury * * * found this defendant not guilty, and the court rendered a judgment acquitting this defendant of the fraudulent acts, omissions and intents therein alleged, and all of which are the same fraudulent acts, omissions, and intents now set out by plaintiff, and

herein answered by the claimant; that all and singular the premises are true."

The United States filed a demurrer to this paragraph of the answer, assigning as ground therefor that it did not state facts sufficient to constitute a defense to the cause of action alleged in the information. The demurrer was sustained, trial by jury was waived, and by agreement of the parties the cause was tried by the court upon the evidence presented at the trial of the criminal cause. The court found for the United States, except as to 3 pieces of the jewelry, and judgment was entered condemning the remaining 14 pieces as forfeited.

The cause is brought here on the claimant's writ of error, and the errors assigned are:

(1) That the court erred in sustaining the demurrer and in deciding that the facts set forth in the paragraph above quoted from the answer did not constitute a defense to the suit.

(2) In holding that, upon the allegations of the libel, it was not necessary to prove a fraudulent intent of the party claimant.

(3) In rendering judgment against the claimant declaring forfeited the 14 pieces of jewelry.

(4) In giving judgment against the claimant upon the same issues and facts previously decided in favor of the claimant by the verdict of the jury.

The ground assigned for sustaining the demurrer in the District Court was that the acquittal in the criminal case which was pleaded as a bar to the suit for forfeiture was not conclusive, in that it was not necessary in that suit to prove that the jewelry was imported with an intent to defraud the government of its revenue, while in the criminal case it was. The contentions of counsel as presented to us relate to this question.

Counsel for the claimant, in support of their contention that the plea set out in the answer was a bar to the libel, rely largely upon the cases of Coffey v. United States, 116 U. S. 436, 6 Sup. Ct. 437, 29 L. Ed. 684, and United States v. A Lot of Precious Stones, 134 Fed. 61, 68 C. C. A. 1, decided by the Circuit Court of Appeals for the Sixth Circuit. Both cases were civil informations to condemn certain personal property as being forfeited to the United States. In the first case it was sought to enforce the forfeiture on account of the violation of certain statutes relating to distilled spirits, while in the latter the forfeiture was sought on account of violation of statutes relating to duties on imports. In both cases pleas in bar were filed containing allegations of fact substantially of the same nature as those set out by the claimant in his plea, and in both cases it was held that the judgment in the criminal proceeding was a bar to the proceeding to forfeit the property. In the Coffey Case, 166 U. S. at page 443, 6 Sup. Ct. at page 440 (29 L. Ed. 684), the court said:

"Where an issue raised, as to the existence of the act or fact denounced, has been tried in a criminal proceeding instituted by the United States, and a judgment of acquittal has been rendered in favor of a particular person, that judgment is conclusive in favor of such person on the subsequent trial of a suit in rem by the United States, where, as against him, the existence of the same act or fact is the matter in issue as a cause for the forfeiture of

the property prosecuted in such suit in rem. It is urged as a reason for not allowing such effect to the judgment that the acquittal in the criminal case may have taken place because of the rule requiring guilt to be proved beyond a reasonable doubt, and that, on the same evidence, on the question of preponderance of proof, there might be a verdict for the United States in the suit in rem. Nevertheless the fact or act has been put in issue and determined against the United States, and all that is imposed by the statute, as a consequence of guilt, is a punishment therefor. There could be no new trial of the criminal prosecution after the acquittal in it, and a subsequent trial of the civil suit amounts to substantially the same thing, with a difference only in the consequences following a judgment adverse to the claimant.

"When an acquittal in a criminal prosecution in behalf of the government is pleaded or offered in evidence by the same defendant, in an action against him by an individual, the rule does not apply, for the reason that the parties are not the same, and often for the additional reason that a certain intent must be proved to support the indictment, which need not be proved to support the civil action. But upon this record, as we have already seen, the parties and the matter in issue are the same."

To avoid the effect of the decision in the Coffey Case as being controlling here, the District Attorney makes the following contentions: (1) That the indictment in the criminal case against Sierra was based on section 2865 of the Revised Statutes (Comp. St. 1913, § 5548), which relates to smuggling or clandestinely introducing dutiable articles, which should be invoiced, into the United States, without payment of duty and without invoicing the same, and with intent to defraud the government of its revenue; (2) that the information is brought under section 3082 of the Revised Statutes (section 5785), and that, under this section, in an information to enforce a forfeiture of property, it is not necessary to allege or prove that the goods sought to be condemned were imported with an intent to defraud the government of its revenue; that it is at least sufficient if it appears that the importer knew that the goods were imported contrary to law (Friedenstein v. United States, 125 U. S. 224, 233, 8 Sup. Ct. 838, 31 L. Ed. 736; Cotzhausen v. Nazro, 107 U. S. 215, 219, 2 Sup. Ct. 503, 27 L. Ed. 540); and (3) that if it be necessary, under section 3082, to allege and prove wherein the importation was knowingly "contrary to law," the libel charges that the importation was unlawful for two reasons: (a) because the jewelry was subject to the payment of customs duty and none was paid; and (b) because they were imported clandestinely and secretly without entry at the customs house as required by law, and that, under section 2799 (section 5496), it is made a violation of law to import goods without entry thereof at the customs house, even though they are not subject to duty.

[1, 2] Did the indictment charge an offense denounced by section 2865? In the plea it is alleged that the fraudulent acts, omissions, and intents set out in the libel, and the importation alleged therein, are the same acts, omissions, and intents and the same importation as are recited and charged in the indictment; that the charges of fraud and causes for forfeiture alleged by plaintiff in the information relate to the same subject-matter and are based upon the same acts, omissions, and intents as the various allegations in said indictment contained; and that the counts in said indictment contain the same charges in substance and effect, and are founded on the same sections of the stat-

utes of the United States, as the matters and things alleged in plaintiff's libel. These allegations are all admitted in so far as they are allegations of fact and not of law, and they are all allegations of fact with the possible exception of the one in which it is alleged that the charges in the two proceedings are founded on the same sections of the statutes of the United States. Inasmuch as, by the demurrer, it is admitted that the indictment contained the same charges and the same allegations of offenses and of frauds as the matters and things alleged in the libel, we think it is plain that, while the indictment must have been brought under section 3082 (Keck v. United States, 172 U. S. 434, 437, 19 Sup. Ct. 254, 43 L. Ed. 505; Rogers v. United States, 180 Fed. 54, 58, 103 C. C. A. 408, 31 L. R. A. [N. S.] 264; United States v. Kee Ho [D. C.] 33 Fed. 333), the acts, omissions, and intents alleged as rendering the importation "contrary to law" were those denounced by section 2865.

[3] We are also of the opinion that the information was likewise brought under sections 3082 and 2865. The allegations of the information wherein it is set out that the importation was "contrary to law" include the following elements: (1) That the goods were, when imported, subject by law to the payment of a customs duty to the United States; (2) were imported clandestinely and secretly; (3) without an entry thereof being made at the customs house of the United States as required by law; (4) without the payment of the duties thereon; and (5) with intent to defraud the United States of its lawful revenue. These are the five specific elements constituting the offense denounced in section 2865, and demonstrate that the information was based on that section taken in connection with section 3082. They are not the assignment of two causes, wherein the importation was "contrary to law," as the government contends, but of a single cause, into which all the enumerated elements enter. Therefore, as the acts, omissions, and intents denounced in section 2865 are set out in the information as showing wherein the importation in question was "contrary to law," and section 2865 provides that the acts therein denounced shall have been done with the intent to defraud the United States of its revenue, it was necessary, in order to sustain the information, to prove such an intent. This being so, we are of the opinion that the plea was a bar to the suit, and that the court below erred in sustaining the demurrer.

If in the information the government, instead of alleging that the importation was "contrary to law" in the way and manner therein set out, could have alleged acts in violation of some other provision or provisions of law, rendering the goods liable to forfeiture, and not involving an intent to defraud the United States of its revenue, that is not this case.

The judgment of the District Court is reversed, and the case is remanded to that court, with directions to enter a judgment not inconsistent with this opinion.