---

UNITED STATES v. SALEN.

(District Court, S. D. New York.   July 23, 1917.)

No. 122.

1. JUDGMENT ⬅648—CONCLUSIVENESS—RES JUDICATA.
    Defendant was indicted for defrauding the United States of customs duties, the indictment charging that defendant knowingly understated the value of imports, and suppressed information.   On the merits, the indictment was dismissed.   Held, that such judgment of dismissal was conclusive against the right of the United States to recover, in a civil action based on the same statute, the amount of the loss in duty which was claimed resulted from defendant's fraud, even though the form of action and rights sought to be enforced were different.

2. JUDGMENT ⬅656—CONCLUSIVENESS—CONCLUSIVE JUDGMENT.
    Judgment on demurrer on the merits is sufficient to furnish basis for principle of res judicata.

3. JUDGMENT ⬅654—DISMISSAL—CONCLUSIVENESS.
    Where an indictment charging that the United States was defrauded out of customs was dismissed, and the government did not appeal, such dismissal was a conclusive adjudication on the merits against the government's claim.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Pleading ⚖245(2)—Amendment—Change of Theory.**

After the expiration of three years, and after an indictment charging the defrauding of the United States was dismissed, a complaint, in a civil action, seeking to recover an alleged loss of customs duties, which was based on defendant's fraud in suppressing documents which would have disclosed that the foreign invoices undervalued the goods, cannot be amended so as to rely on defendant's knowledge and the undervaluation as substantive facts, the transactions being in each case the same.

**5. Judgment ⚖918(1)—Conclusiveness.**

A complaint seeking recovery of customs duties, which it was asserted the government had lost through defendant's fraud, will not be dismissed where res judicata was not pleaded as a defense, though it appeared on motion for dismissal that an indictment charging the crime of defrauding the government out of customs duties had been dismissed, and was thus a conclusive adjudication against recovery.

At Law. Action by the United States against Herman A. Salen. On motion to amend complaint, and defendant's motion to dismiss complaint. Motions denied.

Francis G. Caffey, U. S. Dist. Atty., of New York City (John E. Walker, Asst. U. S. Dist. Atty., of New York City, of counsel), for the United States.

Erwin, Fried & Czaki, of New York City, for defendant.

MANTON, District Judge. The plaintiff moves to amend its complaint and the defendant moves to dismiss the complaint. Both motions will be considered together.

The complaint alleges that between the 25th of February, 1910, and the 9th of June, 1913, the defendant imported into the United States laces, embroideries, trimmings, etc., which were subject to duty by law; that they were entered at false values, and for failure to enter the true value the United States has suffered loss in the collection of customs duties, and demands damages at $196,651.47. The defendant has not only had this lawsuit to contend with, but was indicted. He demurred to the indictment, and the demurrer to the sixth count thereof was sustained, and overruled as to the other five counts, in an opinion by Judge Hough. On appeal from this decision, Judge Hough was sustained. United States v. Salen, 235 U. S. 237, 35 Sup. Ct. 51, 59 L. Ed. 210.

The theory of the amendment is that "the original complaint contains various allegations of fraud based upon the suppression clauses in the declarations, which should be stricken out in view of the decision of the United States Supreme Court, and the amendment sought is to rest the action solely upon the proposition that the defendant entered various importations of merchandise knowing that the foreign market value at the time of the importation was in excess of the values set forth in the respective invoices and entries." The indictment was ultimately dismissed as to the five other counts.

The defendant says that the allegations of the original complaint tend to make out a case of fraudulent importation, which were the state of facts averred in the sixth count of the indictment against the

defendant, they being the identical importations embraced in the complaint. The count of the indictment referred to alleges suppression of facts in entries eight years preceding March 17, 1913, and which cover all the entries in the civil action. The proposed amended complaint covers the same importations.

It is claimed that by the dismissal of the indictment, and particularly the sixth count thereof, the doctrine of res adjudicata applies and controls in this civil action, and that, therefore, leave to amend should not be granted and that the complaint should be dismissed.

The gist of the allegations of the complaint is a general charge of fraudulent practices by means of false and fraudulent invoices and entries, stated by way of inducement, the specifications and particulars of the fraud relied upon being set forth in the sixth and seventh paragraphs of the complaint.

[1] The case in the original complaint rests wholly on alleged acts of fraud, and is predicated upon the suppression clause of the declarations, and specifies the suppression and concealment of the Robinson lists, showing past high prices of the merchandise in this country, for which it is charged that the defendant acquired knowledge that the consular invoices understated the foreign market values. An examination of the sixth count of the indictment satisfies me that the action is one predicated upon frauds in concealment and suppression which are charged there, and which the Supreme Court has held constituted no violation of any statute of the United States. There was, therefore, a judgment on the merits in the criminal proceeding against the plaintiff, and if the same issues are presented in this civil case and are dependent upon the same facts, although the form of action and rights sought to be enforced are different, it is res adjudicata.

In Coffey v. United States, 116 U. S. 436, 6 Sup. Ct. 437, 29 L. Ed. 684, a proceeding was instituted to forfeit a distillery after a verdict of not guilty in a criminal prosecution. The proceeding was based upon the same acts as the prosecution. It was there said—

"that, although one section counted on in the information declared, as a consequence of the commission of the prohibited act, (1) that certain specific property should be forfeited, and (2) that the offender should be fined and imprisoned, yet, as the issue raised as to the existence of the act or fact had been tried in a criminal proceeding against the claimant, instituted by the United States, and a judgment of acquittal rendered in his favor, that judgment was conclusive in his favor."

In United States v. Zucker, 161 U. S. 475, 16 Sup. Ct. 641, 40 L. Ed. 777, it was sought to recover the value of merchandise forfeited under section 9 of the Customs Act of June 10, 1890, c. 407, 26 Stat. 131. This language was used by the court:

"Of course, if the government had elected to prosecute the present defendants criminally for the offense defined in the ninth section of the act of 1890, a verdict and judgment of acquittal could have been pleaded in bar of an action to recover the value of the merchandise."

Since the adjudication of the Supreme Court is that, upon the same allegations of fact set forth in the civil action here, an offense under the statute of the fraudulent suppression or concealment was not made

out, it seems to be a judgment of the merits, on the same facts relied upon in the civil action. The theory of responsibility in the civil action is based upon the same statute, the same provision of the Customs Act, as was the alleged criminal liability.

[2] The judgment on the demurrer on the merits is sufficient. Alley v. Nott, 111 U. S. 472, 4 Sup. Ct. 495, 28 L. Ed. 491. It is as conclusive as the verdict of a jury. Gould v. Evansville Ry., 92 U. S. 526, 23 L. Ed. 416; Bissell v. Spring Valley R. Co., 124 U. S. 225, 8 Sup. Ct. 495, 31 L. Ed. 411.

[3] Before the dismissal of the remaining five counts of the indictment, this civil action was instituted and a bill of particulars was ordered and given. Thereafter Judge Hough quashed the indictment. The government did not appeal, and this amounts to an adjudication, on the merits, that there was nothing concealed or suppressed of any character whatever on these entries by which the government might have been defrauded.

[4] The effort to amend was to change the character of the cause of action, and not to change any of the facts, to add to or subtract from various entries as named in the litigation heretofore. In fact, Exhibit A, attached to the amended complaint, describes the several importations by defendants of importations, steamships, serial numbers, serial number of entries at New York, under value, true value in France, true duty, home value or market value of said respective importations. It is the same as the schedule annexed to the original complaint. Therefore the theory of the original complaint as well as the amended complaint in the civil action is based upon fraud in the suppression of documents, to wit, the Robinson lists giving high prices at which similar goods had sold for in this country for which the defendant was alleged to have acquired knowledge, and from which, if disclosed, the collector might likewise have acquired knowledge of undervaluation in the foreign invoices, and, on the other hand, that the theory of the proposed amendment is based upon knowledge and of undervaluations as a substantive fact. This was also the theory of the criminal prosecution. The amendment seeks to fix responsibility of making the claim on the theory of the suppression of documents. This should not be allowed, after the expiration of three years, particularly where the whole question seems to have been decided adverse to the government.

The motion to amend the complaint will therefore be denied.

[5] I should dismiss the complaint on the defendant's motion if res adjudicata was pleaded as a defense, but, since it is not pleaded and the action is one at law, I am constrained to hold that I am without power to dismiss.

The motion to amend the complaint will therefore be denied, as will the motion to dismiss.