## NATIONAL SURETY CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1927.)

No. 4569.

Intoxicating liquors ☞250—Acquittal on charge of possessing and transporting liquor in automobile is bar to proceeding to forfeit car (National Prohibition Act [Comp. St. § 10138¼ et seq.]; Rev. St. § 3450 [Comp. St. § 6352]).

Acquittal on prosecution for possessing and transporting intoxicating liquor in an automobile in violation of National Prohibition Act (Comp. St. § 10138¼ et seq.) is a bar, as determinative of the question of no unlawful transportation, to proceeding to forfeit the automobile under Rev. St. § 3450 (Comp. St. § 6352).

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Proceeding by the United States against one Cadillac eight-cylinder automobile, No. 59–A–562, Washington license No. 310206, and accessories. There was a judgment of forfeiture, and the National Surety Company, claimant, brings error. Reversed.

Hugh M. Caldwell, of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash., and W. W. Mount, Asst. U. S. Atty., of Tacoma, Wash.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

PER CURIAM. Under the stipulated facts in this case, prohibition officers discovered one Osborne in the act of transporting intoxicating liquor by automobile in violation of law. The officers seized the automobile and placed the driver of the car under arrest. Later an information was filed against the driver, in the court below, charging violations of the National Prohibition Act (Comp. St. § 10138¼ et seq.) in two counts: First, the unlawful possession of intoxicating liquor; and, second, the unlawful transportation of intoxicating liquor. Upon the trial of the information the defendant

17 F.(2d)—24

was found not guilty as to both counts. Thereafter the present libel or information was filed to forfeit the automobile under section 3450 of the Revised Statutes (Comp. St. § 6352) and from a judgment of forfeiture the present writ of error was prosecuted.

In Port Gardner Investment Co. v. United States, 47 S. Ct. 165, 71 L. Ed. ——, decided by the Supreme Court November 23, 1926, this court certified certain questions to the Supreme Court; the fifth question being as follows: "Did the prosecution of the driver of the car under the National Prohibition Act constitute an election by the government to proceed under section 26 [title 2] of that Act [Comp. St. § 10138½mm], and thereby prevent the forfeiture of the car under section 3450 of the Revised Statutes of the United States?" Answering that question the court said: "Construing the fifth question as referring to the prosecution with effect, we answer the question in the affirmative."

Had the defendant been convicted on the criminal trial, the judgment or sentence would no doubt constitute a bar to the present proceeding, under the authority of that case. Whether "prosecution with effect" includes an acquittal as well as a conviction we need not inquire, because we are of opinion that the acquittal is a bar on other grounds. In Coffey v. United States, 116 U. S. 437, 440, 6 S. Ct. 437, 440 (29 L. Ed. 684) the court said:

"Yet, where an issue raised, as to the existence of the act or fact denounced, has been tried in a criminal proceeding instituted by the United States, and a judgment of acquittal has been rendered in favor of a particular person, that judgment is conclusive in favor of such person on the subsequent trial of a suit in rem by the United States, where as against him, the existence of the same act or fact is the matter in issue as a cause for the forfeiture of the property prosecuted in such suit in rem. It is urged as a reason for not allowing such effect to the judgment that the acquittal in the criminal case may have taken place because of the rule requiring guilt to be proved beyond a reasonable doubt, and that, on the same evidence, on the question of preponderance of proof, there might be a verdict for the United States in the suit in rem. Nevertheless, the fact or act has been put in issue and determined against the United States, and all that is imposed by the statute, as a consequence of guilt, is a punishment therefor. There could

be no new trial of the criminal prosecution after the acquittal in it, and a subsequent trial of the civil suit amounts to substantially the same thing, with a difference only in the consequences following a judgment adverse to the claimant."

See, also, United States v. Seattle Brewing & Malting Co. (D. C.) 135 F. 597; United States v. Lot of Precious Stones and Jewelry (C. C. A.) 134 F. 61; Chin Kee v. United States (D. C.) 196 F. 74; Sierra v. United States (C. C. A.) 233 F. 37; United States v. Salem (D. C.) 244 F. 296.

The acquittal on the charge of possessing and transporting intoxicating liquor in the automobile in violation of law is now a bar to a proceeding to forfeit the automobile under section 3450 of the Revised Statutes.

The judgment is reversed.