### FORD v. KLINE, Acting Deputy of Customs, et al.

### No. 1374.

District Court, S. D. Florida.

May 9, 1930.

Hendricks & Hendricks, of Miami, Fla., for petitioner.

W. P. Hughes, U. S. Atty., of Jacksonville, Fla., for defendant.

RITTER, District Judge.

On the 9th day of August, 1929, the petitioner filed his petition, as the legal owner of motorboat V–2793, named Fornella, alleging that this boat was, on the 29th day of July, 1929, about 4:40 p. m., while sailing south of west out of the port of Bimini, British Bahama Islands, seized by the United States coast guard cutter within a distance of about eleven miles of the port of Bimini, British Bahama Islands; that the boat was engaged in a legal and legitimate business in the hauling of whisky for one Eugene Sherman, within British waters, and was not thereby violating any of the laws of the United States, and had no intention to violate said laws, and that the seizure of the boat was unlawful, and that he is entitled to an order of restoration. Upon this petition an order to show cause was made as against the defendants John Kline, acting deputy of customs in charge of the United States Customs Office, Miami, Fla., and Hugh G. Williams.

The rule to show cause was later discharged, and other petitions have been filed and orders to show cause made, and the case now comes on for hearing upon a motion by the defendants to discharge the last rule to show cause issued.

An agreed statement of facts has been filed in the case, wherein it is set forth that the boat in question, V–2793, was owned by George L. Ford, and that it is a vessel of American registry under the number V–2793, given by the collector of customs for the district of Florida, under which designation number it was authorized to be used and enjoyed for livelihood purposes only within the jurisdiction of the United States.

The first question which concerns us is as to the status of the boat in reference to engaging in trade. This, we think, has been settled in the case of Stephens et al. v. United States (C. C. A.) 30 F.(2d) 286, 287, being a decision in this circuit, wherein the court says: "Under the law providing for numbering vessels, a record of the number is kept in the customhouse of the district in which the owner or managing owner resides. * * * Within the meaning of the above set out statute [46 USCA § 288], the number allotted to a vessel is to be considered a record or document granted in lieu of a certificate of registry, enrollment, or license. A vessel not registered, enrolled, or licensed, but having only a number allotted pursuant to the statute, is not authorized to be employed in trade, foreign or coasting."

Inquiry by the court from the collector of customs in Miami reveals that the vessel in question, under its number, was permitted to earn a livelihood in trade, either coasting or foreign, but was at all times under the United States laws. It drew its authority by applying for and receiving its number, V–2793, to do what the statutes of the United States in the premises permitted. It could engage in no trade prohibited. The liquor trade is especially proscribed.

It is admitted in the agreed statement of facts that, when this vessel was arrested by the coast guard, there were upon it approximately 336 sacks and 30 jugs of spirits and intoxicating liquors containing more than one-half of 1 per cent. of alcohol, and fit and intended for use for beverage purposes; that the boat had no clearance papers or shipping papers of any kind or description. It is agreed that the boat was engaged in freighting prohibited intoxicating liquors under the United States law, between British ports in the Bahama Islands, and was not registered under the British law for such trade. The law is well settled that the coast guard may, upon probable cause, stop any vessel upon the high seas without reference to coast line distance, when sailing under the American flag, and search and seize the same upon discovery of its being loaded with contraband liquor. Maul v. U. S., 274 U. S. 501, 47 S. Ct. 735, 71 L. Ed. 1171; The Swallow, Fed. Cas. No. 13,666; The Panama (D. C.) 6 F. (2d) 326; The Rosalie M. (C. C. A.) 12 F. (2d) 970.

The seizure of this vessel, V–2793, was lawful, and, inasmuch as it was engaged, admittedly, in a trade prohibited by United States law, it thereby became forfeited un-

der section 325, 46 USCA, which declares that: "Whenever any licensed vessel * * * is employed in any other trade than that for which she is licensed * * * such vessel with her tackle, apparel, and furniture, and the cargo, found on board her, shall be forfeited."

The forfeiture in this case was taken by the customs officials under the procedure outlined by law. The appraised value of the vessel was less than $1,000, and therefore summary proceedings were taken for its forfeiture by statute. Due advertisement was had, and the vessel was sold.

■ This court, by entertaining the petition of George L. Ford and issuing orders to show cause, and taking the various steps in the record, was acting without jurisdiction in the premises, and all its proceedings are void. This court cannot make an order of restoration, nor interfere with the proceedings undertaken by the customs officials in this case, as the agreed statement of facts clearly brings the case within one of forfeiture, subject to the proceedings taken by the customs officials in respect thereto.

The cargo of this vessel, as aforesaid, is forfeited, as well as the vessel, under the aforesaid statute, and no libel need have been filed by the United States against the liquor. Nevertheless, there was filed in this court a libel against the same, being No. 191, entitled "United States of America vs. 336 sacks and 30 jugs of Intoxicating Liquor—cargo of V–2793, Customs Cases 12789–90." The same was filed in this court on August 21, 1929. That case is now for decision, along with the aforesaid case, and we hold that the cargo is forfeited under the aforesaid Customs Act, and can be and should be destroyed by the customs officers. The Two Friends, Fed. Cas. No. 14,289.

It is urged that there should be considered in connection with this decision the indictment which was filed by the United States against George L. Ford and Harry Jones, under date of September 25, 1929, No. 2386–M Criminal, charging these men with a conspiracy to violate the National Prohibition Act of the United States, in transporting, importing, etc., prohibited intoxicating liquors by the use of this boat V–2793, from July 15, 1929, to the date of the indictment. Upon a trial of this case in this court, the defendants were acquitted by a verdict of the jury on the 22d day of January, 1930, and thereby the contention is made that this releases the vessel and the liquor to the said Ford and Jones, because, if they are innocent of a conspiracy as charged, then the vessel and the liquor cannot be convicted.

■ The criminal action against Ford and Jones is a separate and distinct action from the violation of the customs laws by the vessel engaging in a business contrary to that for which it was licensed under its number. That it was engaged in such a business appears from the agreed statement of facts as aforesaid. It may be true that the owners of the vessel were not intending to bring the liquor into the United States, but the vessel was only permitted to engage in legitimate trade under the American flag, and, no matter where the vessel may be, whether in the United States waters or foreign waters, the trade it was permitted to indulge in is controlled by the United States law. If it desired to engage in the liquor business, which was permitted under British law, the owners should have surrendered its American registry and registered it under the British law, and thereby it would have been fully protected, but, when owners of vessels desire to operate the same under the protection of the United States, they must be very careful to conform to the prescribed laws of such country, otherwise they have no protection for the vessel or its cargo. The Mineola (C. C. A.) 16 F.(2d) 844.

There is a proceeding provided by statute whereby the said Ford, as the owner of the said vessel, could have filed his claim in the Customs Department and executed the bond required, and had a hearing thereon. This he did not do, but allowed the customs proceedings to take place, and contented himself with an attempt to secure an order of this court upon the petition in the premises.

Holding, as we do, that this court is without jurisdiction to entertain the petition of George L. Ford in this case, the said petition is dismissed, and all proceedings in the premises are held void.