180

District Court, E. D. New York.

May 8, 1931.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Louis Halle, of New York City (Milton Kroopf, of New York City, of counsel), for claimant.

GALSTON, District Judge.

On June 22, 1930, officers in charge of Coast Guard patrol boat C. G. 125, at about 2:30 a. m., sighted a dark object at sea, and were compelled to alter her course in order to prevent collision with it. The officer in command turned a searchlight on the object, and sighted two vessels, a smaller vessel tied to the larger one. On the smaller vessel he saw a gunny sack. There were no lights on either vessel. After the searchlight had been turned on them, the vessels separated, and the C. G. 125 pursued the smaller vessel for about half a mile, when this vessel came to a halt as the result of a warning shot.

This point was twenty-eight miles off shore on the high sea south of Fire Island and thirty-two miles southeast of Ambrose Lightship. The officer in charge of the Coast Guard vessel boarded the motorboat K-5691, the vessel in question, and asked for the master. From one Stenzel in the pilot house he obtained the registration certificate of the vessel, Libelant's Exhibit No. 1, which bore the information, "the principal occupation of vessel—pleasure." At the time of the seizure, there were found on board the vessel seventy-seven sacks of assorted liquor containing more than one-half of 1 per cent. of alcohol by volume.

The government seeks a forfeiture of the vessel under section 4377 of the Revised Statutes (U. S. C., title 46, § 325 [46 USCA § 325]). The relevant provisions of this section are: "Penalty for Violation of License.—Whenever any licensed vessel * * * is employed in any other trade than that for which she is licensed, * * * such vessel * * * shall be forfeited."

The vessel having a cargo of seventy-seven sacks of assorted liquor was one evidently engaged in a commercial purpose, and thus was employed beyond the limitation of her license.

It is contended by the claimant that this vessel was illegally seized, in that she was boarded beyond the twelve-mile limit. Both parties to the action rely on Maul v. United States, 274 U. S. 501, 47 S. Ct. 735, 71 L. Ed. 1171, and United States v. Lee, 274 U. S. 560, 47 S. Ct. 746, 71 L. Ed. 1202. From these cases it appears that officers of the Coast Guard are authorized "to seize on the high seas beyond the twelve mile limit an

American vessel subject to forfeiture for violation of any law respecting the revenue."

■ It would seem to me, in view of the foregoing authorities, that the sole question to determine here is whether there was probable cause to believe that our revenue laws were being violated by an American vessel.

I think the circumstances preceding the seizure justified grave suspicion on the part of the Coast Guard officers. Here were two vessels, the smaller one tied to the larger, in the dead of night, unlighted, twenty-eight miles off shore at the nearest point, one a small vessel of but forty feet over all and ten feet beam. Even before the adoption of the Eighteenth Amendment to the Constitution, such circumstances might reasonably have justified the inference that the boats thus stationed were there for no lawful purpose.

A fortiori since the enactment of the National Prohibition Law, the common knowledge of the Coast Guard patrol and doubtless of many others that liquor is smuggled into this country by rum runners operating in circumstances similar to those disclosed herein warranted those on board the C. G. 125 in suspecting that the motorboat K–5691 was engaged in an effort to violate the revenue laws. Moreover, though these officers had no direct knowledge prior to the seizure that she was an American vessel, they were justified in believing that a small boat of her dimensions, found, as she was, at 2:30 a. m. so far out at sea, and unlighted, was an American vessel.

■ Claimant also contends that the dismissal of the indictment against the crew of the motorboat K–5691 for conspiracy to violate the National Prohibition Act is a bar to this libel proceeding, and relies on United States v. 2,180 Cases of Champagne (C. C. A.) 9 F.(2d) 710, 712, urging that the case stands for the proposition that a civil forfeiture

cannot be incurred in a libel proceeding based upon the same state of facts urged in the criminal trial. I do not interpret the case as sustaining that broad contention, and I think that authority is readily distinguishable from the case in point, for in that case it appeared that, while the criminal charge, as in this case, was an attempted violation of the Prohibition Act (27 USCA), the defense was that the vessel, one of foreign origin, was seeking merely a harbor of refuge. Judge Hough wrote: "A necessary consequence of acquitting on this charge, after such a defense was a holding in substance that on December 7th the crew of the Zeehond (including appellant) had no criminal intent and were running for refuge, instead of running rum. Under the cases cited (see, also, U. S. v. Salen [D. C.] 244 F. 296, Sierra v. U. S., 233 F. 37, 147 C. C. A. 107, and U. S. v. Gully [D. C.] 9 F.[2d] 959, 1923 A. M. C. 279), it is impossible for the government to say (as it substantially attempts to do in one portion of this libel),— You may have been running for a harbor of refuge without present intention of violating the Volstead Act, but we will hold you civilly for not having a manifest (R. S. § 2806) and trying to smuggle liquor into the country."

In the case at bar there was no acquittal. The indictment was dismissed because of an unlawful arrest.

The ultimate question involved in this suit is whether the motorboat violated the terms of its license. The determination of that question need not in any way be related to the lawful or unlawful activities of those in charge of the vessel. It is sufficient to show that the boat was not a pleasure boat, but engaged in a commercial activity contrary to its license. Ford v. Kline (D. C.) 42 F.(2d) 558.

Decree for libelant. Settle decree on notice.