# UNITED STATES v. ZUCKER.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 794. Argued January 14, 1896. — Decided March 2, 1896.

In an action against importers brought to recover from them the value of merchandise, originally belonging to them, and alleged to have been forfeited to the United States under the provisions of the Customs Administrative Act of June 10, 1890, c. 407, § 9, the defendants cannot demand, as of right, that they shall be confronted, at the trial, with witnesses who testify in behalf of the government.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Whitney* for plaintiffs in error.

*Mr. Abram J. Rose,* (with whom was *Mr. Peter Zucker* on the brief,) for defendants in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

By the act of June 10, 1890, c. 407, § 9, 26 Stat. 131, 135, known as the Customs Administrative Act, it is provided that "if any owner, importer, consignee, agent, or other person shall make or attempt to make any entry of imported merchandise by means of any fraudulent or false invoice, affidavit, letter, paper, or by means of any false statement, written or verbal, or by means of any false or fraudulent practice or appliance whatsoever, or shall be guilty of any wilful act or omission by means whereof the United States shall be deprived of the lawful duties or any portion thereof, accruing upon the merchandise, or any portion thereof, embraced or referred to in such invoice, affidavit, letter, paper, or statement, or affected by such act or omission, such merchandise or the value thereof, to be recovered from the person making the entry, shall be forfeited, which forfeiture shall only apply to the whole of the merchandise or the value thereof in the case or package containing the particular article or articles of merchandise to

which such fraud or false paper or statement relates; and such person shall, upon conviction, be fined for each offence a sum not exceeding five thousand dollars, or be imprisoned for a time not exceeding two years, or both, in the discretion of the court."

The present action was brought to recover from the defendants the sum of $346.02 as the value of certain merchandise originally belonging to them and alleged to have been forfeited to the United States under the above statute.

The complaint, which is in the form prescribed by the New York Code of Civil Procedure, alleged that, on or about December 14, 1891, certain described merchandise was imported into the United States, at the port of New York, and when so imported was subject to the payment of duties; that the defendants, the owners, importers, and consignees of such merchandise, entered the same at the office of the collector, to whom was produced a duly certified invoice, purporting to show the actual cost of the merchandise, and also a declaration, which entry and declaration were signed and verified in the manner and form required by law; that said entry, invoice, affidavit, and paper were false and fraudulent, as the defendants well knew, in that the actual cost of such merchandise was greater than the amount stated therein; and that the defendants wilfully and wrongfully concealed the actual cost of such merchandise, whereby the United States had been deprived of the lawful duties, or a portion thereof, accruing upon the same.

The defendants made a general denial of each allegation of the plaintiff. As separate defences they pleaded: 1. That the merchandise mentioned in the complaint was not forfeited. 2. That the action was not brought against the person making the entry of the merchandise in the complaint specified. 3. That the duties on all goods imported by them during the times specified in the complaint had been liquidated and paid by them, and such merchandise delivered to them as the owners thereof, all without fraud, and that more than one year had elapsed since the date of the entry referred to by the United States.

At the trial below the government, to sustain the issues on its part, offered to read in evidence a deposition that had been duly taken in Paris, France, and was properly authenticated and certified under letters rogatory, properly issued and returned.

The defendants objected to the admission of this testimony upon the following grounds: 1. That this action, though civil in form, was in substance a criminal case, and, under the Constitution of the United States, the defendants were entitled on the trial "to be confronted with the witnesses" against them. 2. That "the constitutional right of the defendants to be confronted with the witnesses against them is not secured by giving them notice of the execution of letters rogatory in France, and that their failure to attend on such occasion at a place three thousand miles from the place of trial, out of the district and in a foreign country, does not operate as a waiver of their constitutional right, if it can be waived."

In answer to questions propounded by the court, the defendants admitted that the evidence was material, and placed their objection to it upon the grounds just stated.

The court thereupon sustained the objection and excluded the evidence, to which action the government excepted.

The United States having no other evidence to offer, the jury, by direction of the court, returned a verdict for the defendants, and the action was thereupon dismissed.

The only question presented for our decision is, whether the court below erred in excluding the deposition which the government took in Paris, France, and the materiality of which is conceded by the defendant.

The sole ground of objection to the deposition, as we have seen, was that, in this action to recover the value of merchandise alleged to have been forfeited to the United States under the ninth section of the act of June 10, 1890, c. 407, no deposition, wherever taken, could be read against the defendants, without their consent, but the witness must testify in person, before the court, during the progress of the trial.

This objection is supposed to be sustained by the Sixth

Amendment of the Constitution, which provides that "in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; *to be confronted with the witnesses against him;* to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defence."

In support of their contention the defendants cite *Coffey* v. *United States,* 116 U. S. 436, 443; *Boyd* v. *United States,* 116 U. S. 616, 634, and *Lees* v. *United States,* 150 U. S. 476.

*Coffey* v. *United States* was a civil information, on behalf of the United States, against certain property that had been seized by an internal revenue officer as forfeited to the United States on account of the alleged violations of certain provisions of the Revised Statutes relating to internal revenue. Rev. Stat. §§ 3257, 3450, 3453. Coffey intervened and claimed the property. One of the defences was that a criminal information had been filed against him in respect of the matters set forth in one or more of the counts of the declaration, and that upon a trial he had been acquitted. The principal question presented in the civil case was as to the effect of the trial, verdict, and judgment of acquittal in the criminal case. This court, after observing that the proceeding to enforce the forfeiture against the *res* named must be a proceeding *in rem* and a civil action, while that to impose upon the offender the fine and imprisonment prescribed by statute must be a criminal proceeding, said: "Yet, where an issue raised as to the existence of the act or fact denounced has been tried in a criminal proceeding, instituted by the United States, and a judgment of acquittal has been rendered in favor of a particular person, that judgment is conclusive in favor of such person on the subsequent trial of a suit *in rem* by the United States, where, as against him, the existence of the same act or fact is the matter in issue, as a cause for the forfeiture of the property prosecuted in such suit *in rem.*"

That case is an authority for the proposition that if the

present defendants had been proceeded against criminally on account of the same acts and facts that must be shown in order to sustain this action under the statute of 1890, and had been acquitted, the verdict and judgment of acquittal would have barred a subsequent civil proceeding, based on the same acts and facts, and instituted to enforce a forfeiture or to recover the value of the merchandise forfeited.

*Boyd* v. *United States* was an information, in a cause of seizure and forfeiture of property, against certain merchandise seized as forfeited to the United States under the twelfth section of the Customs Act of June 22, 1874, c. 391, 18 Stat. 186, 188. Boyd intervened and claimed the goods. On the trial it became important to show the quantity and value of the merchandise contained in certain cases previously imported. The court, on motion of the District Attorney, made an order, under the fifth section of the above act, requiring the claimant to produce the invoice of those cases. The order was obeyed, the claimant, however, objecting to its validity, as well as to the constitutionality of the statute. When the invoice was offered by the government as evidence, Boyd objected to its reception on the ground that, in a suit for forfeiture, the claimant himself could not be compelled to produce evidence, and that the statute, in that particular, was invalid. This court said: "As showing the close relation between civil and criminal proceedings on the same statute in such cases, we may refer to the recent case of *Coffey* v. *United States*, in which we decided that an acquittal on a criminal information was a good plea in bar to a civil information for the forfeiture of goods, arising upon the same acts. As, therefore, suits for penalties and forfeitures incurred by the commission of offences against the law are of this quasi criminal nature, we think that they are within the reason of criminal proceedings for all the purposes of the Fourth Amendment of the Constitution, and of that portion of the Fifth Amendment which declares that no person shall be compelled in any criminal case to be a witness against himself; and we are further of opinion that a compulsory production of the private books and papers of the owner of

goods sought to be forfeited in such a suit is compelling him to be a witness against himself, within the meaning of the Fifth Amendment to the Constitution, and is the equivalent of a search and seizure — and an unreasonable search and seizure — within the meaning of the Fourth Amendment. Though the proceeding in question is divested of many of the aggravating incidents of actual search and seizure, yet, as before said, it contains their substance and essence, and effects their substantial purpose."

The principles announced in the *Boyd case* have no application whatever to the present case. Neither the constitutional provision which protects the people in their persons, houses, papers, and effects against unreasonable searches and seizures, nor the provision that a person shall not be compelled in any criminal case to be a witness against himself, has any bearing whatever upon the inquiry whether the right of an accused, in *a criminal prosecution*, " to be confronted with the witnesses against him," is infringed by permitting a deposition of a living witness to be read against him in an action brought to recover the value of merchandise forfeited to the United States by reason of his acts in violation of law. This is so manifest that it is impossible, by any argument, to make it clearer.

Equally inapplicable to the present inquiry is the case of *Lees* v. *United States*, 150 U. S. 476. That was a civil action to recover a penalty imposed by the act of February 26, 1885, c. 164, 23 Stat. 332, for importing an alien under a contract to perform labor. Our attention has been called to that part of the opinion in that case, in which it was declared, upon the authority of *Boyd* v. *United States*, above cited, that although the proceeding against Lees was civil in form, it was "unquestionably criminal in its nature, and in such a case a defendant cannot be compelled to be a witness against himself." But that principle is not involved in the present case.

No case has been cited which sustains the contention of the defendants. And we are unaware of any such case in England, where the constitutional principle embodied in the Sixth Amendment, and here involved, is recognized as part of the law of the land.

The Sixth Amendment relates to a prosecution of an accused person which is technically criminal in its nature. In such a proceeding, the person accused is entitled to a speedy and public trial by an impartial jury of the State, as well as of a district previously ascertained by law in which the crime charged against him shall have been committed; whereas an action, in which a judgment for money only is sought, even if, in some aspects, it is one of a penal nature, may be brought wherever the defendant is found and is served with process, unless some statute requires it to be brought in a particular jurisdiction. The words, in the Sixth Amendment, "to be informed of the nature and cause of the accusation," obviously refer to a person accused of crime, whether a felony or misdemeanor, for which he is prosecuted by indictment or presentment, or in some other authorized mode which may involve his personal security. So the clause declaring that the accused, in a criminal prosecution, is entitled "to be confronted with the witnesses against him," has no reference to any proceeding (although the evidence therein may disclose, of necessity, the commission of a public offence) which is not directly against a person who is accused, and upon whom a fine or imprisonment, or both, may be imposed. A witness who proves facts entitling the plaintiff in a proceeding in a court of the United States, even if the plaintiff be the government, to a judgment for money only, and not to a judgment which directly involves the personal safety of the defendant, is not, within the meaning of the Sixth Amendment, a witness against an "accused" in a criminal prosecution; and his evidence may be brought before the jury, in the form of a deposition, taken as prescribed by the statutes regulating the mode in which depositions to be used in the courts of the United States may be taken. The defendant, in such a case, is no more entitled to be confronted at the trial with the witnesses of the plaintiff than he would be in a case where the evidence related to a claim for money that could be established without disclosing any facts tending to show the commission of crime.

In *Counselman* v. *Hitchcock*, 142 U. S. 547, 562, it was held that the provision in the Fifth Amendment that no person

"shall be compelled in any criminal case to be a witness against himself," covered, but was not limited to, criminal prosecution; that its object was "to insure that a person should not be compelled, when acting as a witness in any investigation, to give testimony which might tend to show that he himself had committed a crime." In the argument of that case reference was made to the Sixth Amendment in support of the proposition that an investigation before a grand jury was not a criminal case, within the meaning of the Fifth Amendment, and was solely for the purpose of finding out whether a crime had been committed. But this court said that a criminal prosecution, within the meaning of the Sixth Amendment, was one against a person who was accused and who was to be tried by a petit jury; that "a criminal prosecution under article six of the Amendments is much narrower than a criminal case under article five of the Amendments."

Of course, if the government had elected to prosecute the present defendants, criminally, for the offence defined in the ninth section of the act of 1890, a verdict and judgment of acquittal could have been pleaded in bar of an action to recover the value of the merchandise. *Coffey* v. *United States*, above cited. But it does not follow that the defendants can demand of right, in this civil action, not directly involving their personal security, that they shall be confronted, at the trial, with the witnesses who testify in behalf of the government.

*The judgment is reversed, and the case is remanded with directions to set aside the verdict and judgment, and for further proceedings in conformity with this opinion.*