UNITED STATES v. ONE BAG OF PARADISE AND GHOURA FEATHERS.

(Circuit Court of Appeals, Second Circuit. January 15, 1919.)

No. 147.

CUSTOMS DUTIES ⊚⇒133—VIOLATION OF CUSTOMS LAWS—SUIT FOR FORFEITURE
—"REASONABLE CAUSE"—"PROBABLE CAUSE."

    In a suit by the United States for forfeiture of feathers of wild birds, seized from defendant's possession, as having been imported in violation of the prohibition of Tariff Act, § 1, Schedule N, par. 347, under section 3, T. of said act. the burden rests on libelant to show "probable cause," which is synonymous with "reasonable cause," for the prosecution, "to be judged of by the court," and the finding of the court thereon has the weight of the verdict of the jury in the appellate court.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Probable Cause; Reasonable Cause.]

In Error to the District Court of the United States for the Southern District of New York.

Libel by the United States against one bag, containing seven packages of Paradise and Ghoura feathers, one package containing 150 feathers of the bird of paradise and 150 quills, and 43 boxes containing heads and feathers of birds of paradise and Ghoura heads; Arthur Arbib, claimant. From the decree, libelant brings error. Affirmed.

The government filed a libel asking for the forfeiture of certain plumage of wild birds alleged to have been imported contrary to law and in violation of section 3082 of the Revised Statutes (Comp. St. § 5785), claiming that the importation of such plumage was prohibited by section 347 of the Tariff Act (Act Oct. 3, 1913, c. 16, § 1, Schedule N, 38 Stat. 148 [Comp. St. § 5291]). The libel covers three lots of merchandise described as items 1, 2, and 3. The seizure of the merchandise referred to in items 1 and 2 was made at the steamship dock at the time of the arrival of the steamship Kroonland on November 26, 1916, and was taken from the custody of one Angelo Tartaglino, who had concealed the plumage in a belt which he wore about his body. Since no answer was interposed, either by way of admission or denial, as to items 1 and 2 of the libel, a forfeiture was decreed as of course.

The third item referred to in the libel consisted of a seizure of plumage taken from the claimant's premises in the city of New York on May 31, 1917. The claimant conducts a wholesale feather business at this latter place of seizure. Practically all of the feathers of wild birds that were found on his premises were seized, and were in a manufactured state; that is to say, were bound with feathers and made up into a piece, with a stick on the end, and wound around with wire, and some were upon cardboards, some in boxes, and others loose and unmanufactured.

Upon the trial, claimant's counsel made the following concessions: "I will concede, for the claimant, that the witness Tartaglino on October 23, 1916. smuggled into this country six belts of paradise feathers, and they were delivered to the claimant, Arthur Arbib, within a few days thereafter, with knowledge on the part of the claimant that six belts of feathers had been smuggled into this country."

It will be noted that this concession was confined to the paradise feathers. Arbib's relation to Tartaglino was not only conceded by counsel, but there was Tartaglino's confession. The other evidence indicated that Tartaglino was a cook employed aboard the ship Kroonland and the Philadephia, and made four trips upon the former and one trip upon the latter vessel. He bought the smuggled plumage from one Felice Strada, who was a steward on the American Line, and that he smuggled feathers on two of his trips from the Kroonland arriving in New York on October 23, 1916, and November 26, 1916. Each

time he took the belt containing the feathers to the home of one Ruscetta in New York City, and on one occasion, during the stay of the Kroonland in this port, at 11 o'clock at night he met the claimant, whom he identified in the courtroom, and received $300 for his services and that of Strada. On one occasion he received feathers from the claimant's brother and brought them to this country.

Upon the trial, both the libelant and claimant asked for a decree; the former of forfeiture of the merchandise in dispute. The court decreed a forfeiture of the paradise feathers and quills to the government, and the Ghoura feathers, paradise heads, and paradise wings were awarded to the climant, holding that as to the latter plumage there was no evidence to show that they were imported on the first trip. Both libelant and claimant, feeling aggrieved with the above decree, have sued out a writ of error, and the cause comes here for review. We shall therefore refer to the parties as libelant and claimant throughout.

Francis G. Caffey, U. S. Atty., of New York City (Harold Harper, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Barber, Watson & Gibboney, of New York City (Stuart G. Gibboney and George M. Burditt, both of New York City, of counsel), for claimant.

Before WARD, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge (after stating the facts as above). The question presented here for review is as to the ruling of the court below regarding merchandise mentioned in item 3 of the libel.

Section 3082 of the Revised Statutes provides as follows:

"If any person shall fraudulently or knowingly import or bring into the United States, or assist in so doing, any merchandise, contrary to law, or shall receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment or sale of such merchandise after importation, knowing the same to have been imported contrary to law, such merchandise shall be forfeited and the offender shall be fined in any sum not exceeding five thousand dollars nor less than fifty dollars, or be imprisoned for any time not exceeding two years, or both. *Whenever, on trial for a violation of this section, the defendant is shown to have or to have had possession of such goods, such possession shall be deemed evidence sufficient to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury.*"

And paragraph 347 of the Tariff Act, which imposes an import duty upon feathers and other merchandise, contains a proviso as follows:

"Provided, that the importation of aigrettes, egret plumes or so-called osprey plumes, and the feathers, quills, heads, wings, tails, skins, or parts of skins, of wild birds, either raw or manufactured, and not for scientific or educational purposes, is hereby prohibited; but this provision shall not apply to the feathers or plumes of ostriches, or to the feathers or plumes of domestic fowls of any kind."

It is claimed by the libelant on this appeal that, in the absence of exculpatory proof by the claimant, the court below should have directed the forfeiture of the entire seizure of plumage and parts, the importation of which was prohibited, and insists that it was not necessary for the libelant to establish a prima facie case, but merely reasonable grounds of suspicion. Apart from the concession above referred to, the paradise feathers, consisting of six belts of feathers, were imported on October 23, 1916, by smuggling them into this coun-

try and subsequent delivery to Arbib, and with full knowledge that they were so smuggled, the libelant did not produce evidence sufficient to establish a case of prima facie evidence (as that term is used in the law) as to the feathers seized at claimant's place of business.

We are asked to reverse the ruling below and hold that, in view of the facts as stated above, there is reasonable ground for suspicion that the plumage awarded to the claimant was smuggled in some manner in violation of the statute above referred to, and that the circumstances warrant the suspicion that the Ghoura plumage was imported on a previous trip of Tartaglino.

Paragraph 'T' of section 3 of the Tariff Act, which is derived from section 71 of the Act to Regulate the Collection of Duties of March 2, 1799, provides as follows:

"T. That in all suits or informations brought, where any seizure has been made pursuant to any act providing for or regulating the collection of duties on imports or tonnage, if the property is claimed by any person, the burden of proof shall lie upon such claimant, and in all actions or proceedings for the recovery of the value of merchandise imported contrary to any act providing for or regulating the collection of duties on imports or tonnage, the burden of proof shall be upon the defendant: Provided, that probable cause is shown for such prosecution, to be judged of by the court." Comp. St. § 5791.

Under this statute, the question for the district judge was what effect was to be given the words "probable cause" contained in the proviso. If there was probable cause for the seizure, the burden of proving the legality of importation was upon the claimant, who was possessed of the goods. If, in the opinion of the court, at the end of the government's proof, there was not enough evidence to go to the jury, then there was not such probable cause as to put the burden of proof upon the claimant. The term "probable cause" may be said to be synonymous with the term "reasonable cause." It was not incumbent upon the libelant to prove the allegations of the libel beyond a reasonable doubt. If the statute were to be so construed, the proviso would be useless. The answer to this contention of claimant may be found in United States v. Regan, 232 U. S. 37, 34 Sup. Ct. 213, 58 L. Ed. 494. There it was said:

"In Chaffee & Co. v. United States, 18 Wall. 516 [21 L. Ed. 908], the trial court, probably in deference to what was said in the case of The Burdett, had instructed the jury that proof beyond a reasonable doubt was essential to a recovery; but as the government had a verdict and judgment, and was not in a position to assign error upon the instruction, the case hardly can be regarded as settling the propriety of such an instruction, especially as in Coffey v. United States, 116 U. S. 436, 443 [6 Sup. Ct. 437, 29 L. Ed. 684], 13 years later, it was plainly assumed that in such actions the true measure of persuasion is not proof beyond a reasonable doubt, but the preponderating weight of the evidence. The cases of Boyd v. United States, 116 U. S. 616 [6 Sup. Ct. 524, 29 L. Ed. 746], and Lees v. United States, 150 U. S. 476 [14 Sup. Ct. 163, 37 L. Ed. 1150], are without present application, for they deal with the guaranty in the Fifth Amendment to the Constitution against compulsory self-incrimination, which, as this court has held, embraces proceedings to enforce penalties and forfeitures as well as criminal prosecutions and is of broader scope than are the guaranties in article 3 and the Sixth Amendment governing trials in criminal prosecutions. Counselman v. Hitchcock, 142 U. S. 547, 563 [12 Sup. Ct. 195, 35 L. Ed. 1110]; United States v. Zucker, 161 U. S. 475, 481 [16 Sup. Ct. 641, 40 L. Ed. 777]; Hepner v. United States, 213 U. S. 103, 112 [29 Sup.

Ct. 474, 53 L. Ed. 720, ·27 L. R. A. (N. S.) 739, 16 Ann. Cas. 960]. See, also, Callan v. Wilson, 127 U. S. 541, 549 [8 Sup. Ct. 1301, 32 L. Ed. 223]; Schick v. United States, 195 U. S. 65, 68 [24 Sup. Ct. 826, 49 L. Ed. 99, 1 Ann. Cas. 585].

"We conclude that it was error to apply to this case the standard of persuasion applicable to criminal prosecutions; and the judgment is accordingly reversed, with a direction for a new trial."

The present action is civil in form, involving a forfeiture, which was also criminal in its nature; but for the trial of this action the standard of the requirement of proof is that provided in the statute itself in the proviso above referred to, that, where probable cause of seizure appears, the claimant has the burden of establishing his right to its legitimate possession.

The prohibition against importation at the time of seizure was then of four years' standing, but nothing appears to show how long he owned or possessed the Ghoura feathers. Evidently, in determining the question of fact presented to him, the District Judge was of the opinion that the facts did warrant probable cause of seizure so far as the paradise feathers were concerned, but held that there was no probable cause for seizing the Ghoura feathers, and that therefore the government had not made out its case as to them, and that therefore no burden of proof lay upon the claimant. If so, this was the correct rule of law for application. United States v. Regan, 232 U. S. 37, 34 Sup. Ct. 213, 58 L. Ed. 494.

We have no expression of the District Judge as to what evidence persuaded him to the conclusions he arrived at, but we shall assume he applied the rule of evidence above referred to. No exception to any ruling of the District Judge in this record squarely presents the question argued by the libelant as to the shifting of the requirement or burden of proof to the claimant. We believe the District Judge to whom the facts were presented may well have found a want of probable cause after considering the libelant's proofs, and thus not required the claimant to offer evidence or explanation to show his legitimate possession. The finding of the District Judge is as conclusive upon us as would be the verdict of the jury, were the question decided by a jury in the case.

We conclude, therefore, that there is no error of law presented which requires our reversing the determination below.

Judgment affirmed.