( 
## UNITED STATES v. LA FRANCA.

District Court, E. D. Louisiana. May 25, 1928.

No. 18951.

**1. Penalties ⬤⟶16—Suits for penalties, though contemplating punishment for offenses, are not "criminal prosecutions."**

Suits for penalties, though they contemplate punishment for offenses and are triable at law to jury, are not "criminal prosecutions."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Criminal Prosecution.]

**2. Constitutional law ⬤⟶303—Criminal law ⬤⟶163—Civil suit to recover additional tax penalties from defendant as retail liquor dealer after conviction for unlawful sale held not to involve former jeopardy nor deny due process (National Prohibition Act, § 29 [27 USCA § 46]; 26 USCA §§ 97, 98, 186, 202–205; Act La. No. 39 of 1921; Revenue Act 1924, § 701 [Comp. St. § 5980o]; National Prohibition Act, tit. 2, §. 35 [27 USCA §§ 52, 55]).**

Where restaurant proprietor, whose premises were declared nuisance and closed under National Prohibition Act, § 22 (27 USCA § 34), for sale of liquor, and who was convicted for unlawful sale under section 29 (27 USCA § 46), and served term, execution of which was suspended under National Probation Act March 4, 1925 (18 USCA §§ 724–727), prosecution by government of civil suit at law under National Prohibition Act, tit. 2, § 35 (27 USCA §§ 52, 55), Rev. St. § 3176 (26 USCA §§ 97, 98; Comp. St. § 5899), for additional tax penalty on ground that defendant was a retail liquor dealer and failed to pay tax as such under Rev. St. § 3244 (26 USCA §§ 202–205; Comp. St. § 5971 [1–5]), Act Oct. 1, 1890, § 53 (26 USCA § 186; Comp. St. § 5960), Act La. No. 39 of 1921, Revenue Act 1924, § 701 (Comp. St. § 5980o), held not to involve double jeopardy, in violation of guaranty of Const. Amend. 5, and suit assured defendant due process of law; civil and criminal suits being distinguished in Sixth and Seventh Amendments to Federal Constitution.

**3. Internal revenue ⬤⟶45—Prior conviction of defendant for unlawful sale of liquor held not to bar subsequent civil proceedings under Revenue Laws for cumulative penalty (National Prohibition Act, § 29 [27 USCA § 46]; 26 USCA §§ 97, 98, 186, 202–205; Act La. No. 39 of 1921; Revenue Act 1924, § 701 [Comp. St. § 5980o]; National Prohibition Act. tit. 2, § 35 [27 USCA §§ 52, 55]; Willis-Campbell Act, § 5 [27 USCA § 3]).**

Conviction of defendant for unlawful sale of liquor under National Prohibition Act, § 29 (27 USCA § 46), held not to bar subsequent civil suit at law by government for additional

tax penalties as retail liquor dealer, based on same transactions, under Rev. St. § 3176 (26 USCA §§ 97, 98; Comp. St. § 5899), Act Oct. 1, 1890, § 53 (26 USCA § 186; Comp. St. § 5960), Act La. No. 39 of 1921, Revenue Act 1924, § 701 (Comp. St. § 5980o), National Prohibition Act, tit. 2, § 35 (27 USCA §§ 52, 55), Rev. St. § 3244 (26 USCA §§ 202–205; Comp. St. § 5971 [1–5]), notwithstanding Willis-Campbell Act, § 5, Act Nov. 23, 1921 (27 USCA § 3), which provides that conviction for act or offense under National Prohibition Act shall be bar to subsequent prosecution under revenue laws.

**4. Penalties ⌖⇒32—Allegations of petition are taken as true on defendant's plea of former jeopardy.**

In suit for penalty, charges and allegations appearing on face of petition are taken as true on defendant's plea of former jeopardy.

At Law. Suit by the United States against Anthony La Franca. On defendant's special demurrer and plea of former jeopardy. Plea overruled and denied, and special demurrer dismissed.

Wayne G. Borah, U. S. Atty., and T. M. Logan Bruns, Asst. U. S. Atty., both of New Orleans, La.

M'Caleb & M'Caleb, E. Howard M'Caleb, Jr., and R. H. Carter, Jr., all of New Orleans, La., for defendant.

BURNS, District Judge. This is a civil suit at law, commenced by a petition alleging in substance that the defendant, on specified dates in October of 1924 and in April of 1925, was the owner, operator, and proprietor of the Delmonico Restaurant at 1300 St. Charles street in New Orleans, where he had possessed and sold to federal prohibition agents certain drinks of whisky and other liquor, viz. a total of some sixteen drinks on three occasions in October, 1924, and a total of eight drinks on two occasions in April, 1925; that, by his answer in a civil proceeding (in which it appears that the premises were declared a nuisance and closed by a writ of injunction under section 22 of the National Prohibition Act [27 USCA § 34]), the defendant admitted two of the said sales charged against him in October; and that, in a criminal prosecution, he pleaded guilty to the other of said sales (for which, it appears, he was sentenced to pay a fine of $300 and serve a term of imprisonment, execution of this latter being suspended under the National Probation Act of March 4, 1925 [18 USCA §§ 724–727]).

The petition further recites that, because of these said same acts, viz. by reason of the defendant selling distilled spirits in quantities of less than five gallons at the same time, he became and was on these five dates a retail liquor dealer, subject to the payment of a tax as such to the plaintiff government under the provisions of U. S. Revised Statutes, § 3244 (26 USCA §§ 202–205; Comp. St. § 5971 [1–5]), the tax provided by which statute to be doubled according to section 35, tit. 2, of the National Prohibition Act (27 USCA §§ 52, 55); that, because he failed to make and file a return as a retail liquor dealer to the collector of internal revenue as required by section 53 of the Act of October 1, 1890 (26 Stat. L. 624 [26 USCA § 186; Comp. St. § 5960]), he is liable for an additional tax penalty under U. S. Rev. Stat. § 3176 (26 USCA §§ 97, 98; Comp. St. § 5899); that, since the state of Louisiana, by Act 39 of 1921 (Hood Act), prohibits the business of retail liquor dealer, he thereby incurred a special "tax" in the sum of $1,500, which is due and payable to the plaintiff United States under section 701 of the Revenue Act of 1924 (Comp. St. § 5980o), in lieu of section 1001 of the Revenue Act of 1921 (Comp. St. § 5980o), which in turn was in lieu of section 1001 of the Revenue Act of 1918 (Comp. St. § 5980o), and this "tax" is doubled under section 35 of title 2 of the National Prohibition Act (October 28, 1919); that also because of his quality as a retail liquor dealer he is liable further in the penal sum of $500 as a specific penalty under said section 35.

The defendant demurs to the authority of the United States attorney to file such proceedings, but upon argument abandons that defense. He insists, however, on his plea of former jeopardy, viz. that his prior conviction of the same charges, and his sentence to a fine and imprisonment under section 29 of the National Prohibition Act (27 USCA § 46), bar this proceeding, which would otherwise put him twice in jeopardy for the same offense, in violation of his constitutional immunity under the Fifth Amendment, and also the prohibition of dual prosecution in section 5 of the Willis-Campbell Act (November 23, 1921 [27 USCA § 3]).

Much argument orally and by briefs was indulged upon the hearing and submission of this plea, with copious citations of authority on both sides. Reference to these will appear where it seems necessary as this opinion proceeds.

Section 35 of the National Prohibition Act was undoubtedly designed to cumulate penalties in addition to those variously provided in other sections of the act, in keeping with the general design of the whole act to enforce the Eighteenth Amendment by effectually suppressing the manufacture, traffic

in, and use of alcoholic beverages. Congress emphasized this purpose by the Supplemental Act of November 23, 1921 (Willis-Campbell Act [42 Stat. 222]), after the Supreme Court's decision in the case of United States v. Yuginovich et al., 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043, holding that the penalties in section 35 superseded those in the Revised Statutes verbis Internal Revenue.

Section 5 of the Willis-Campbell Act then operated to continue in force all nonconflicting revenue statutes. U. S. v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358. It provides, inter alia: "But if any act is a violation of any such laws, and also of the National Prohibition Act [27 USCA], or this act, a conviction for such an act or offense under one shall be a bar to prosecution therefor under the other."

In Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061, the Supreme Court affirmatively held that the so-called taxes imposed by section 35 were in fact penalties imposed for violations of criminal laws which could not be collected by administrative officers in distraint proceedings, designed for the collection of taxes. Regal Drug Co. v. Wardell, 260 U. S. 386, 43 S. Ct. 152, 67 L. Ed. 318, and U. S. v. One Ford Coupé, 272 U. S. 321, p. 329, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, are to the same effect.

[1, 2] Suits for penalties and forfeitures are not novel in the federal system. Such suits, while civil in form, have been uniformly recognized as of a quasi criminal character. They proceed on the law side of the court with trial by jury, whilst those for forfeitures are generally in rem, which proceed in much the same form as admiralty suits, except where seizures are made upon land, and these proceed at law by trial to a jury. Notwithstanding suits for penalties contemplate punishment for offenses, and are triable at law to a jury, they are not criminal prosecutions. The constitutional right to trial by jury in criminal cases, where the punishment is a fine or imprisonment, arises, not from the Fifth Amendment, but from the Sixth; whereas, in civil cases, where the punishment is a penalty, the right to a jury trial arises from the Seventh Amendment. The difference does not consist merely in the civil form of the lawsuit by which they are collected, but in the substantial difference that the judgment is enforceable by ordinary execution and levy, as by writs of fieri facias, and not by commitment or imprisonment as in the case of a fine. It is precisely this difference that would prevent the collection of such penalties by criminal information or indict-

ment, and also prevent judicial relief from execution of judgment under the National Probation Act of March 4, 1925. However, it follows that the defendant's life or limb is not twice put in jeopardy for the same offense by the prosecution of this civil suit for a penalty. So far as the guaranties of the Fifth Amendment are concerned, such a suit, which may deprive him of property only, assures him due process of law.

[3] The same considerations dispose of defendant's second contention with respect to the elective clause of section 5 of the Willis-Campbell Act. His conviction under various sections of the National Prohibition Act, for which he was fined and imprisoned under section 29, for the criminal offenses charged by indictment or information, will bar any other criminal prosecution for the same offense, but will not bar a civil prosecution for the cumulative penalty, even though it be predicated on the same offense. In re Leszynsky, Fed. Cas. No. 8279; U. S. v. Claflin, 97 U. S. 546, 24 L. Ed. 1082; U. S. v. Wiltberger, 5 Wheat. 76, 95, 5 L. Ed. 37; Origet v. U. S., 125 U. S. 240, 247, 8 S. Ct. 846, 31 L. Ed. 743; U. S. v. Three Copper Stills (D. C.) 47 F. 499; U. S. v. Zucker, 161 U. S. 475, 16 S. Ct. 641, 40 L. Ed. 777.

[4] No other issues are raised by the plea, for the purpose of which the charges and allegations appearing on the face of plaintiff's petition are taken as true.

Accordingly, the plea of former jeopardy will be overruled and denied. The special demurrer, understood to be abandoned, will be dismissed.