Otto GANZ, in behalf of himself and all persons similarly situated, Plaintiff-Appellant.

v.

Peter B. BENSINGER, Individually, and as Director of Illinois Department of Corrections, et al., Defendants-Appellees.

No. 72–1627.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 16, 1973.

Decided June 11, 1973.

Rehearing Denied July 16, 1973.

Elwood T. Olsen, Chicago, Ill., for plaintiff-appellant.

William J. Scott, Atty. Gen., James B. Zagel, Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.

Before SWYGERT, Chief Judge, and CUMMINGS and STEVENS, Circuit Judges.

STEVENS, Circuit Judge.

Plaintiff asks us to decide that indigent inmates of the Illinois State Penitentiary have a constitutional right to appointed counsel at parole release hearings. He relies on the Sixth Amendment and on the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Prescinding the policy arguments which the General Assembly or

the Governor of Illinois may find persuasive, we hold, in agreement with other federal courts,[1] that this procedural right is not guaranteed by the United States Constitution.

## I.

■■ In every stage of a criminal proceeding at which his substantial rights may be affected, the indigent defendant has a constitutional right to appointed counsel. Mempa v. Rhay, 389 U.S. 128, 134, 88 S.Ct. 254, 19 L.Ed.2d 336. Sentencing is a critical stage of the judicial proceedings at which that right must be fully protected.

Plaintiff effectively demonstrates that in most cases the actual period of incarceration in the Illinois State Penitentiary is determined by the Parole and Pardon Board rather than the sentencing judge. A practical appraisal of the importance of the parole release hearing, he argues, requires the conclusion that it represents a "critical stage" of the state's processing of criminal offenders. Under the reasoning of Mempa v. Rhay, it is therefore contended that appointed counsel is essential. Even if that be true, the rationale of Mempa v. Rhay is inapplicable unless the parole release hearing is a stage of the criminal prosecution.

■ The Sixth Amendment entitles every person to counsel in a particular kind of proceeding—a criminal trial. That Amendment is inapplicable to other types of proceedings, even though they may have a critical impact on the destiny of the individual.[2] Thus, the Sixth Amendment issue turns not on the importance of the parole release hearing, but rather on whether it is a part of the criminal prosecution.

■ The prosecution is a judicial proceeding. It does not end until judgment has been entered and sentence imposed. Mempa v. Rhay, 389 U.S. 128, 134, 88 S.Ct. 254, 19 L.Ed.2d 336. Plaintiff argues that if the sentence is of indeterminate length, the sentencing process includes the proceedings before the Parole Board. Logically, that argument would support a conclusion that "the entire range of correctional process after sentencing is a part of the criminal proceeding"—a conclusion we have already rejected. Gunsolus v. Gagnon, 454 F.2d 416, 422 (7th Cir. 1971), rev'd on other grounds sub nom. Gagnon v. Scarpelli, 411 U.S. 582, 93 S.Ct. 1736, 36 L.Ed.2d 503 (1973). In our opinion, the Sixth Amendment right to representation by counsel at the sentencing hearing applies only to the *judicial* hearing at which the sentence is fixed. The Amendment protects the accused during the adversary judicial trial; it does not broadly encompass every proceeding which may result in a deprivation of liberty or property. As the Supreme Court stated in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. "Parole arises after the end of the criminal prosecution, including imposition of sentence." See Gagnon v. Scarpelli, 411 U. S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). A parole release hearing is not part of the criminal prosecution[3]; the Sixth Amendment is inapplicable.

1. Menechino v. Oswald, 430 F.2d 403 (2d Cir. 1970); Barnes v. United States, 445 F.2d 260 (8th Cir. 1971); Buchanan v. Clark, 446 F.2d 1379 (5th Cir. 1971).

2. See United States v. Zucker, 161 U.S. 475, 481, 16 S.Ct. 641, 40 L.Ed. 777; United States v. Mientke, 387 F.2d 1009 (7th Cir. 1967).

3. Construing federal legislation affecting the parole eligibility of certain offenders, we have concluded that the term "prosecution" does not encompass federal parole determinations. See United States v. McGarr, 461 F.2d 1 (7th Cir. 1972).

In Bradley v. United States, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973), the Supreme Court expressly differentiates between the grant of parole as a part of the sentencing and the "rather different matter" involving the possible grant of parole at a later stage of the correction process. At page 611, 93 S.Ct. at page 1155, 1156 the Court said: "As we have said, sentencing is part of the prosecution. * * * The availability of parole under the general parole statute, 18 U.S.C. § 4202, is a rather different matter, on which we express no opinion."

## II.

■ The Supreme Court has recently held that parole revocation hearings may be conducted without the participation of counsel. Gagnon v. Scarpelli, 411 U. S. 778, 783, 93 S.Ct. 1756, 36 L.Ed.2d 656 (May 14, 1973). Since the arguments favoring the appointment of counsel certainly have no greater force as applied to a parole release hearing than to a parole revocation hearing, this holding requires rejection of plaintiff's due process argument.

## III.

Finally, plaintiff argues that since Rule 8 of the Illinois Pardon and Parole Board permits inmates to be represented by counsel at release hearings [4], the Equal Protection Clause of the Fourteenth Amendment requires the state to provide such assistance for indigent inmates [5]. The question presented is whether Rule 8 creates an invidious discrimination between the rich and the poor. If it has that consequence, presumably the state could eliminate the discrimination either by appointing counsel for all indigents, as plaintiffs urge, or by rescinding the rule since, as we have held, the presence of counsel is not constitutionally required.

The briefs of both parties persuasively indicate that even if the presence of counsel may be desirable at parole release hearings, a lawyer is not indispensable to the effective conduct of such hearings. Unlike the actual importance of a transcript on an appeal from a criminal conviction, or the participation of counsel in the appellate process, this rule of the Illinois Parole Board, in the words of Justice Frankfurter, does not "make lack of means an effective bar to the exercise" of the indigent's opportunity to obtain parole. Justice Frankfurter commented on the impact of the unavailability of a transcript on indigent defendants as a class:

"Law addresses itself to actualities. It does not face actuality to suggest that Illinois affords every convicted person, financially competent or not, the opportunity to take an appeal, and that it is not Illinois that is responsible for disparity in material circumstances. Of course, a State need not equalize economic conditions. A man of means may be able to afford the retention of an expensive, able counsel not within reach of a poor man's purse. Those are contingencies of life which are hardly within the power, let alone the duty, of a State to correct or cushion. But when a State deems it wise and just that convictions be susceptible to review by an appellate court, it cannot by force of its exactions draw a line which precludes convicted indigent persons, forsooth erroneously convicted, from securing such a review merely by disabling them from bringing to the notice of an appellate tribunal errors of the trial court which would upset the conviction were practical opportunity for review not foreclosed.

"To sanction such a ruthless consequence, inevitably resulting from a money hurdle erected by a State,

4. Rule 8 provides:
"8. On the first day of the respective sessions of the subcommittees and the day immediately following if so designated by the members of the Board, relatives, friends and counsel for the prisoners may attend and be heard in behalf of the prisoners whose names appear on the docket, as well as persons who desire to protest the release of the prisoners.

"No subsequent oral arguments will be heard in cases appearing on that particular docket, but attorneys or other persons may submit in writing to the Parole and Pardon Board any brief or statement of fact in behalf of or in opposition to the parole of any inmate whose name appears on the docket."

5. Actually, the rule grants the same privileges to "relatives, friends and counsel for the prisoner." See note 4, *supra.* There is, of course, no claim that the Equal Protection Clause requires the state to provide special assistance to the friendless prisoner, or to one with no surviving relatives.

would justify a latter-day Anatole France to add one more item to his ironic comments on the 'majestic equality' of the law. 'The law, in its majestic equality, forbids the rich as well as the poor to sleep under bridges, to beg in the streets, and to steal bread.' (John Cournos, A Modern Plutarch, p. 27.)

"The State is not free to produce such a squalid discrimination. If it has a general policy of allowing criminal appeals, it cannot make lack of means an effective bar to the exercise of this opportunity." Griffin v. Illinois, 351 U.S. 12, 23–24, 76 S.Ct. 585, 592, 593, 100 L.Ed. 891 (Mr. Justice Frankfurter concurring).

That analysis also explains the holding in Douglas v. California that counsel must be appointed to represent the indigent defendant on his first appeal from a criminal conviction, for otherwise "any real chance he may have had of showing that his appeal has hidden merit" is de-

nied to each member of the indigent class. 372 U.S. 353, 356, 83 S.Ct. 814, 816, 9 L.Ed.2d 811. Speaking for the Court, Mr. Justice Douglas then expressly noted that the holding did not extend to discretionary hearings, or to procedures in which the applicant might have successive opportunities for relief.[6] Indeed, even in proceedings in which a person has a constitutional right to representation by a lawyer, the Supreme Court has indicated that there is no parallel requirement that counsel be provided for the indigent.[7]

█ We hold the Equal Protection Clause does not require the Illinois Pardon and Parole Board either (1) to repeal its rule permitting inmates to have the assistance of counsel, or (2) to provide such assistance for all inmates at state expense.

The order of the district court denying the motion to vacate its earlier order dismissing the complaint is

Affirmed.

6. "We are not here concerned with problems that might arise from the denial of counsel for the preparation of a petition for discretionary or mandatory review beyond the stage in the appellate process at which the claims have once been presented by a lawyer and passed upon by an appellate court. We are dealing only with the *first appeal*, granted as a matter of right to rich and poor alike (Cal. Penal Code §§ 1235, 1237), from a criminal conviction. We need not now decide whether California would have to provide counsel for an indigent seeking a discretionary hearing from the California Supreme Court after the District Court of Appeal had sustained his conviction (see Cal.Const., Art. VI, § 4c; Cal. Rules on Appeal, Rules 28, 29), or whether counsel must be appointed for an indigent seeking review of an appellate affirmance of his conviction in this Court by appeal as of right or by petition for a writ of certiorari which lies within the Court's discretion. But it is appropriate to observe that a State can, consistently with the Fourteenth Amendment, pro-

vide for differences so long as the result does not amount to a denial of due process or an invidious discrimination. Williamson v. Lee Optical Co., 348 U.S. 483, 489, 75 S.Ct. 461, 99 L.Ed. 563; Griffin v. Illinois, 351 U.S. *supra*, p. 18, 768, at 585. Absolute equality is not required; lines can be and are drawn and we often sustain them. See Tigner v. Texas, 310 U.S. 141, 60 S.Ct. 879, 84 L.Ed. 1124; Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163. But where the merits of *the one and only appeal* an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor." Douglas v. California, 372 U.S. 353, 356–357, 83 S.Ct. 814, 816, 9 L.Ed.2d 811.

7. "We do not say that counsel must be provided at the pretermination hearing, but only that the recipient must be allowed to retain an attorney if he so desires." Goldberg v. Kelly, 397 U.S. 254, 270, 90 S.Ct. 1011, 1022, 25 L.Ed.2d 287.