CASE 105—ACTION ON A SUPERSEDEAS BOND—NOV. 14.

## Jacob v. Hill.

*APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

GAMING—VALIDITY OF JUDGMENT FOR MONEY LOST.

Held: 1. Under Kentucky Statutes, sec. 1955, providing that "every contract, conveyance, transfer or assurance" for the consideration of money won or lost at gaming shall be void, in an action on a supersedeas bond, the fact that the judgment appealed from was for money won at gaming constitutes no defense, as that fact did not render the judgment void.

Jacob v. Hill.

2. Under the statute now in force the defense of gaming contracts must be presented before judgment. It will be too late after judgment to attack the judgment collaterally or directly on that ground.

C. B. SEYMOUR, A. E. WILLSON AND MORRIS B. GIFFORD FOR APPELLANT.

SIMRALL & DOOLAN FOR APPELLEE.

(No briefs in the record.)

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

The appellee, W. W. Hill, as committee for William Clark, a lunatic, recovered judgment against J. Esten Cooke on two promissory notes amounting to $1,000. From that judgment Cooke appealed to this court, and executed a supersedeas bond, with appellant, Jacob, and another as sureties. That judgment was reversed for an error in interest, but with directions to render judgment for a certain sum. On the return of the case, judgment was entered, in accordance with the mandate of this court, against Cooke. Execution was issued thereon and returned "No property." Thereupon this action was instituted on the supersedeas bond. To this action the appellant, Jacob, presents the defense that the notes given by Cooke, upon which the recovery was had, were given for a gaming debt; that the only consideration of the two notes was money lost in a wager. It was therefore pleaded that the judgment against Cooke was void, and appellee could not recover on the supersedeas bond. A demurrer to this answer was sustained, and, appellant failing to plead further, the petition was taken for confessed, and judgment rendered, from which this appeal is prosecuted.

Counsel for appellant relies on section 1955, Ky. St., to support his answer. The section reads: "Every contract, conveyance, transfer, or assurance, for the consider-

Jacob v. Hill.

ation, in whole or in part, of money, property, or other thing won, lost, or bet in any game, sport, pastime, wager, or for the consideration of money, property, or other thing lent or advanced for the purpose of gaming, or lent 'or advanced at the time of any betting, gaming or wagering to a person then actually engaged in gaming or wagering, shall be void." It is contended that, as a judgment is defined to be a contract of record, the word "contract" in the act means "judgment," and, that therefore under the statute, the judgment is void. We are referred to the case of Lyle v. Lindsey, 5 B. Mon. 123, as sustaining his plea. That opinion was rendered in 1844 in an action in equity to enjoin the collection of a replevy bond by a surety therein on the ground that the consideration of the obligation upon which the judgment was rendered was for money lost in gaming. At the time that judgment was rendered which was replevied, the statute included the word "judgment" with "contract," "conveyance," "assurance," etc., so that under the law as it was then a judgment was void if the consideration of the obligation on which the judgment was rendered was for money lost at gaming. In the revision of the statutes in 1852 the word "judgment" was omitted, and has not since been added. It is conceded by counsel for appellant that the judgment rendered in accordance with the mandate of this court is valid and binding as to Cooke, yet at the same time counsel insists that it is void and can not be the basis of a recovery against appellant, Jacob, surety on the supersedeas. It would seem if the judgment is void by the statute by reason of the gaming consideration, it would be void as to Cooke, the defendant therein, and, if it be valid as to Cooke, it is likewise valid as to his privies as well as to the party. Yet counsel ar-

gue that this is not so.    We are clear that as to Cooke
the judgment is valid and binding, and we are also of
opinion that the statute (section 1955) does not apply to
judgments, as the prior statute did by express terms.  We
must presume that the omission of the word "judgment"
was intentional, and that the words "contract or assu-
rance" were used in their ordinary meaning.    Under the
statute now in force, the defense of gaming contracts must
be presented before judgment, which, if done, will defeat a
judgment; but, if not then presented, it will be too late
after judgment to attack the judgment collaterally or di-
rectly on that ground.    Mr. Van Fleet on Collateral At-
tack on Judgments (section 559) thus states the law:   "A
judgment can not be collaterally attacked because the
cause of action was founded on a gaming transaction, and
that fact is no defense to an action on an appeal bond given
to remove the cause to a higher court."    We are of opin-
ion that the answer presented no defense, and the demur-
rer thereto was properly sustained.

Judgment affirmed.