CASE 30—ACTION BY WM. J. JACOB AGAINST W. W. HILL AS COMMITTEE OF WILLIAM CLARK TO RECOVER THREE TIMES THE AMOUNT OF CERTAIN NOTES EXECUTED BY COOKE TO CLARK ALLEGED TO HAVE BEEN GIVEN AS THE RESULT OF A GAMING TRANSACTION.— MARCH 25.

## Jacob v. Clark and Others.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    AFFIRMED.

GAMING—PENALTY—WINNER— LIABILITY—INFORMER— CONSTRUCTION OF STATUTE.

Held:    1. Kentucky Statutes, section 1956, which provides that if any person shall lose to another at one time, or within twenty-four hours, five dollars or more, or other thing of that value, and shall pay or deliver the same, such loser, or any creditor of his, may recover the same, etc.; and section 1958, which declares that if any such loser, or his creditor, does not sue within six months, any other person may sue the winner, and recover treble the amount, etc.—must be strictly construed, especially where invoked by a mere stranger and informer against the estate of a lunatic.

Jacob v. Clark and Others.

2. The statutes only apply when the gaming transaction occurs within the State.

3. The petition must aver that the transaction occurred within the State.

4. The statutes do not make the winner liable where the loser has merely given him notes for the amount won, and the notes have not been paid.

5. The loser in a gaming transaction gave notes for the amount lost to the winner, who was afterwards adjudged a lunatic. The latter's committee recovered judgment on the notes. The loser appealed, giving a supersedeas bond. The judgment was reversed because of an error in the interest allowed, but was otherwise allowed to stand. Execution was afterwards returned "No property found." Later judgment was recovered against the surety on the supersedeas bond, which was paid. HELD not to be a payment for a gaming consideration, so as to entitle an informer to recover treble the amount thereof.

C. B. SEYMOUR, A. E. WILLSON AND W. B. GIFFORD, FOR APPELLANT.

### SYNOPSIS.

1. Money lost at gaming and paid may be recovered. Kentucky Statutes, secs. 1956 and 1958.

2. The fact that the money is paid under a judgment does not alter this rule; the doctrine is akin to the doctrine in matters of usury as to which see Ross v. Ross, 3 Met., 274; Sherley v. Trabue, 85 Ky., 71; Paine v. Henderson, 20 Ky. Law Rep., 1739.

3. A payment by a surety enures to the benefit of his principal and should be regarded as a payment by the principal.

SIMRALL & DOOLAN, FOR APPELLEES.

### POINTS AND AUTHORITIES.

1. The judgment rendered by the Jefferson circuit court under the direction of this court against J. Esten Cooke, for whom appellant was surety on the supersedeas bond, is conclusive as against Cooke as to the defense of gaming consideration, although that plea was not urged in the suit in which judgment was originally rendered against him. Davis v. McCorkle, 14 Bush, 746-55; Civil Code, sec. 17; Herman on Estoppel, vol. 1, secs. 122, 123, 124, 125, 126, 127.

2. The judgment against Cooke is conclusive as to the appellant as surety in the supersedeas bond. Herman on Estoppel, vol. 1, sec. 145; West v. Carter, 25 Ill., App., 245-47; West v.

Jacob v. Clark and Others.

Carter, 129 Ill., 256; Chicago Driving Park Assn. v. West, 35 Ill., App., 496; Van Fleet on Collateral Attack, sec. 559.

3. Under our present statute judgments based upon a gaming consideration are no longer void. Such a defense must now be asserted before judgment. The rule was different before the adoption of the Revised Statutes in 1852. Kentucky Statutes, sec. 1955; Gen. Stat. chap. 47, art. 1, sec. 1. 1 Morehead & Brown's Digest, 749-51; 2 Littell's Laws, 103; 5 Littell's Laws, 588; Civil Code, sec. 17; Broaddus v. Broaddus, 10 Bush, 308.

4. Statutes against gaming are to be strictly construed. Greathouse v. Throckmorton, 7 J. J. Mar., 28; English v. Young, 10 B. Mon., 142; Barnes v. Turner, 4 Met., 114; West v. Carter, 129 Ill., 256.

### ADDITIONAL POINTS AND AUTHORITIES.

1. Independently of express provisions of our statutes there can be no recovery in this case. Clay v. Fry, 3 Bibb, 248; Downes v. Quarles, Litt. Sel. Cases, 489; Greathouse v. Throckmorton, 7 J. J. M., 28; McKinney v. Pope, 3 B. M., 93-101; 1 Morehead & Brown, 749-758; Revised Statutes, chap. 42, secs. 1-4; General Statutes, chap. 47, art. 1, secs. 1-4.

2. The petition is fatally defective in that it does not aver that the alleged games of chance occurred in Kentucky. Heard v. Faris, 1 Litt., 245; Martin v. Richardson, 94 Ky., 183-187; Manz v. St. Louis, etc. Ry. Co., 87 Mo., 278; Cole v. Smith, 4 Johnson (N. Y.), 193; 1 Encyclopedia of Plead. and Prac., 248, 275.

3. The statute in this case, when properly construed, does not permit an action against either of these appellees in this sort of case. Greathouse v. Throckmorton, 7 J. J. M., 28.

4. There has been no money paid in this case upon a gaming consideration. R. T. Jacob v. Hill, Committee, 23 Ky. Law Rep., 1529.

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

One W. W. Hill, as committee for William Clark, a lunatic, recovered judgment in the Jefferson circuit court (law and equity division) against J. Esten Cooke on two promissory notes, aggregating $1,000. Cooke made defense on the ground of payment, but, judgment going against him, he appealed to this court, in doing which he executed a super-

sedeas bond, upon which R. T. Jacob and Mary F. Cooke
became his sureties. Upon the appeal this court reversed
the judgment of the lower court because of an error in
the matter of interest allowed, but remanded the case, with
directions to the lower court to correct the error, which
left the judgment in other respects as originally entered.
After the correction of the judgment in the lower court,
execution was issued thereon and returned "No property
found." Hill, as committee of Clark, then brought suit upon
the supersedeas bond against the sureties therein, and de-
fence was interposed by R. T. Jacob upon the ground that
the notes for which the judgment was rendered against
Cooke in the first suit had been given for a gaming consid-
eration, which rendered them, as well as the judgment into
which they had been merged, void. A demurrer to Jacob's
answer was sustained by the lower court, and judgment
then went against him for the amount due on the super-
sedeas bond. From that judgment an appeal was prose-
cuted by Jacob, but the judgment of the lower court was
affirmed by this court in an opinion which is reported in
111 Ky., 926 (23 R., 1529), 65 S. W., 21. Jacob thereupon
paid the judgment in full, with costs. Something over six
months after such payment, one W. J. Jacob, a stranger,
brought suit against W. W. Hill, as committee of Wm.
Clark, to recover three times the amount of the notes which
Cooke had executed to Clark. A demurrer was filed to the
petition by Clark's committee, which was sustained by the
lower court, and, Jacob refusing to plead further, his pe-
tition was dismissed, from which judgment this appeal was
prosecuted.

This court on December 11, 1901, reversed the judgment
of the lower court, in a majority opinion, which on June
14, 1902, was withdrawn, and the judgment of reversal set

Jacob v. Clark and Others.

aside; and the court thereupon ordered a reargument of the case, which reargument took place on February 4th of the present term. The case is therefore again before us for adjudication.

The action was instituted under sections 1956 and 1958 of the Kentucky Statutes, which are as follows:

"Sec. 1956. If any person shall lose to another at one time, or within twenty-four hours, five dollars or more, or property or other thing of that value, and shall pay, transfer or deliver the same, such loser or any creditor of his may recover the same, or the value thereof, from the winner, or any transferee of the winner, having notice of the consideration, by suit brought within five years after the payment, transfer or delivery. . . _ ."

"Sec. 1958. If such loser, or his creditor, does not sue for the money or thing lost within six months after its payment, or delivery, and prosecute the suit to recover with due diligence, any other person may sue the winner and recover treble the amount or value of the money or thing lost, if suit be so brought within five years from the delivery or payment."

The action here allowed is in the nature of a penalty for a violation of the law; otherwise the Legislature would have had no constitutional power to enact the statute which authorizes it. That body may not take private property for private use, except by way of punishment for an offense. All gaming statutes are necessarily penal, and the one under which appellant seeks a recovery in this case is highly so. It is therefore to be strictly construed, especially when its harsh provisions are invoked by a mere stranger and informer to enforce a penalty against the estate of a lunatic who is as helpless as if he were dead. We find a deliverance of this court, made as far back as 1831, which announced

the rule of construction herein expressed. We refer to the case of Greathouse v. Throckmorton, 7 J. J. Marsh., 28, in which Chief Justice Robertson said: "We can not think that any of the statutes against gaming, can be made available to the plaintiff in error. These statutes have hitherto been, and should ever be, construed strictly. Such was the judicial interpretation of the statutes of Charles II. and of Anne of England, and the statutes of Virginia and of this State have never been constructively extended beyond their direct and obvious import. . . . " We are clearly of opinion that the petition of appellant is defective and insufficient, in that it fails to aver that the alleged gaming transactions between Cooke and Clark out of which the execution of the notes resulted occurred in this State, nor is it alleged that the notes were executed or delivered in this State. We quite agree with counsel for appellee that these omissions were not unintentional, in view of the refusal of appellant to employ the necessary averments when his attention was called to these defects, by appellee's motion to make the petition more specific. The statute supra is only operative in Kentucky, and the extraordinary right of action conferred by it can only be applied to gaming transactions occurring within the territorial limits embraced by the terms of the statute. The law has been so held by this court in the case of Martin v. Richardson, 94 Ky., 183 (14 R., 847), 21 S. W., 1039, 19 L. R. A., 692, 42 Am. St. Rep., 353, which was an action to recover a lottery ticket which had been purchased by Richardson of Martin, as the law of this State then as now forbade the sale or purchase of lottery tickets. Martin relied upon the illegality of the sale of the ticket in controversy as a defense to the action, but failed to allege in his answer that the ticket had been bought in Kentucky. Upon these facts, this court said:

"We must assume, in the absence of anything to the contrary, that this purchase or exchange of ticket No. 93,262 occurred in some place where it was legal and lawful to purchase or exchange it." So we conclude that it must be taken as true, in the absence of an averment in the petition to the contrary, that the transaction by reason of which the notes held by Clark upon Cooke were executed occurred at a place where the law would have permitted the enforcement of their payment, and that the legality of the transactions carried into the notes will be presumed. Certainly a recovery will not be allowed in a purely penal action unless every fact essential to such recovery be alleged and proved with the same particularity that would be required in a proceeding by indictment or information, except that in a civil action the plaintiff will not be required to make out his case to the exclusion of a reasonable doubt, as in a criminal prosecution. Enc. Pleading & Practice, vol. 1, p. 248; Manz v. St. Louis, etc., Ry. Co., 87 Mo., 278; Cole v. Smith, 4 Johns., 193.

Under the statute supra the informer can recover only of the winner in a gaming transaction, and the winner must have received or collected the money or property won by him. Until he has done so, he does not become liable to the informer, or any one else, in an action for reimbursement or to recover the statutory penalty. The fact, if it be one, that the notes in question were taken for gaming debts which Clark had won of Cooke, did not make the former liable in an action brought by the informer. In order to constitute the offense for which the penalty may be exacted under the statute, it is necessary that the winner must have collected the money or received the property from the loser. It is not alleged in the petition or claimed in argument that Clark ever collected of Cooke or any one

else the sum, or any part thereof, represented by the notes. What is true of Clark is likewise true of his committee, Hill, who took no part in the games of chance alleged to have been played. The money paid Hill was received by him as a fiduciary; and by judgment of the lower court, and this court as well, he was bound to take the money, as he was not the winner of it. The statute gives the informer no right of action against him.

We are also of opinion that no cause of action exists in appellant's behalf against Hill, as committee of Clark, because of the payment by R. T. Jacob of the amount due on the supersedeas bond. Neither notes nor judgment were ever merged in the supersedas bond, and they constituted no part of the consideration of the bond. The bond was based upon an the supersedeas bond, and they constituted no part of the consideration of the bond. The bond was based upon an entirely different consideration. It was given solely to stay proceedings on the judgment of the lower court pending the appeal, and was executed nearly twenty years after the execution of the notes. By the execution of the bond, R. T. Jacob did not, in any sense, become a party to the original notes or their consideration; nor did the supersedeas bond merge the judgment against Cooke, or take the place of it as a replevin bond. Hughes' Adm'r v. Hardesty, 13 Bush, 367. In the suit which Hill, as committee of Clark, brought against R. T. Jacob on the supersedeas bond, this court held that, though the notes executed by Cooke to Clark may have been given for a gaming consideration, yet the judgment rendered on them was not void, nor was the supersedeas bond void, and that the stay of proceedings on the judgment constituted a valid consideration for the bond; and so R. T. Jacob was compelled to pay it by the judg-

Jacob v. Clark and Others.

ment of the lower court and of this court, not because he was bound in any way on the notes, but because his bond was his own obligation, and it imposed a liability independent of the notes, notwithstanding the vicious and illegal consideration for which the notes were given. So it is clear that the payment made by R. T. Jacob in satisfaction of the supersedeas bond was not money paid for a gaming consideration at all. Neither he nor Cooke has ever paid any money upon any of the transactions embraced by sections 1956-1958 of the statute supra. All that Cooke ever lost to Clark was his two notes, and they were given to Clark twenty years before this suit was brought. If the right ever existed in any one to sue for and recover these notes, or their value, that right was barred by limitation more than fifteen years before this suit was brought. This court has heretofore held that R. T. Jacob could not go behind the judgment rendered against Cooke to show that the notes were given for a gaming consideration, and we are unable to see why a stranger and informer, under the facts of this case, should be permitted to do so.

For the reasons given, the judgment of the lower court is affirmed.