**SALONEN v. FARLEY et al.**
No. 343.

United States District Court
E. D. Kentucky
Covington Division.
Jan. 18, 1949.

---

Ebert, Cook & Burke, of Newport, Ky., for plaintiff.

Davies & Hirschfeld, of Newport, Ky., for defendants.

SWINFORD, District Judge.

The case is submitted on the defendants' motion to dismiss the complaint.

The plaintiff's cause of action is based on Kentucky Revised Statutes, Section 372.-040, which I quote in full:

"372.040 (1958) Suit by third person where loser or creditor does not sue. If the loser or his creditor does not, within six months after its payment or delivery to the winner, sue for the money or thing

lost, and prosecute the suit to recovery with due diligence, any other person may sue the winner, and recover treble the value of the money or thing lost, if suit is brought within five years from the delivery or payment."

It is the contention of the defendants that this is a penal statute and under the rule of private international law the penal statutes of one state will not be enforced by the courts of another state. That as between the State of Kentucky and the Federal Courts within the State this rule of private international law applies and consequently this court is without jurisdiction to enforce a remedy based on a penal statute of Kentucky. That this court is limited by 28 U.S.C.A. § 41, 28 U.S.C.A. § 1332, to entertain original jurisdiction only of suits of a civil nature.

■ The defendants have correctly stated the well established principle of law that the Government of the United States is foreign as to the States of the Union within the rule of private international law that the penal statutes of one sovereignty will not be enforced by another. Robinson v. Norato, 71 R.I. 256, 43 A.2d 467, 162 A.L.R. 362; State of Wisconsin v. Pelican Ins. Co., 127 U.S. 265, 8 S.Ct. 1370, 32 L.Ed. 239. It is universally recognized that foreign jurisdictions will not enforce penal statutes of another state. Galveston, H. & S. A. R. Co. v. Wallace, 223 U.S. 481, 32 S.Ct. 205, 56 L.Ed. 516; The Antelope, 10 Wheat 66, 23 U.S. 66, 6 L.Ed. 268, wherein Chief Justice Marshall made the short statement that, "The Courts of no country execute the penal laws of another."

There is no controversy as to the law applicable to this case. The real question to be determined is whether or not the statute is a penal statute within the meaning of the rule of law or is it a remedial statute. If it is penal this court is without jurisdiction and the motion to dismiss should be sustained. If it is remedial the court should retain jurisdiction.

This is a somewhat vexing question. A reading and rereading of the many texts and decisions seem to befuddle rather than clarify the law applicable. There is no clear cut rule that may be applied to all cases. This should not be. This confusion grows out of an attempt to state a rule of law from its application rather than to draw the rule from the wording of the statute itself. In other words, penal means a penalty for an offense against the state, not as punitive damages in a civil action authorized to be brought by a private person for his own benefit and in which recovery the state has no part. The statute here involved creates a right of action in a private person and provides for a recovery of treble the amount of recovery lost to the defendant in a gambling transaction. This is in the nature of punitive damages but from which the state derives nothing except the hope that it will deter a violation of one of its criminal laws.

■ The leading case on the question as to whether a state statute which in some aspects may be called penal is a penal law in the international sense so that it cannot be enforced in the court of another sovereignty, is Huntington v. Attrill, 1892, 146 U.S. 657, 13 S.Ct. 224, 227, 36 L.Ed. 1123. The statute involved in that case was a state statute making officers of a corporation who signed and recorded a false certificate of the amount of its capital stock liable for all the corporation's debts. The court said that the determination of the question depends upon whether it is the purpose of the statute to punish an offense against the public justice of the state or to afford a private remedy to a person injured by the wrongful acts, and that only in the former sense is it a penal law not enforceable in the courts of another state. It was concluded that the statute was not a penal law in the international sense. The court said:

"Penal laws, strictly and properly, are those imposing punishment for an offense committed against the state, and which, by the English and American constitutions, the executive of the state has the power to pardon. Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal."

Citing the Huntington case, 2 Bouvier's Law Dictionary, Rawle's Third Revision, gives the following definition:

"Penal Statutes. Those which inflict a penalty for the violation of some of their provisions. Strictly and properly, they are those laws imposing punishment for an offense committed against the state, which the executive has power to pardon, and the expression does not include statutes which give a private action against a wrong-doer. Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123.

"A solely penal law will not be enforced in another state, but a statute is not penal, so as not to be enforced by the courts of another state, merely because it awards punitive damages as the measure of. the liability of the wrong-doer; Southern R. Co. v. Decker, 5 Ga.App. 21, 62 S.E. 678."

■ Certain language in other parts of the opinion deals with qui tam actions. The Kentucky Statute involved does not authorize a qui tam action, but allows the whole recovery to go to the plaintiff. A qui tam action contemplates a division of the recovery with the state as a compensation for the state permitting the individual to prosecute the action in his name.

■ Neither is the plaintiff an informer as that term is used in its legal sense. An informer in qui tam actions is one who informs the state authorities of violations by certain individuals of the penal laws and is given the right to proceed in a civil action to recover the penalty prescribed either in his own name or that of the state as plaintiff providing that a portion of the recovery may be retained and the rest remitted to the state. Vol. 21 Words and Phrases, Perm.Ed., page 313.

Since this is not a qui tam action and the plaintiff insofar as the record shows has informed no responsible authority of a violation of the state law he cannot be properly denominated an informer.

This case is different from any of those I can find in that the plaintiff, a third person, is prosecuting a legal claim by civil proceeding based solely on the authority of the statute.

■ I am convinced that the statute was intended to be remedial and only penal incidentally, or best described as both penal and remedial. A statute can be both. See Collins, et al. v. Kidd et al., D.C., 38 F. Supp. 634, 637, wherein the court said:

"Where a statute is both penal and remedial, as where it is penal in one part and remedial in the other, it should be considered as a penal statute when it is sought to enforce the penalty, and as a remedial statute when it is sought to enforce the remedy. Grier v. Kansas City, C. C. & St. J. R. Co., 286 Mo. 523, 228 S.W. 454; Kansas City, C.·C. & St. J. R. Co. v. Grier, 258 U.S. 610, 42 S.Ct. 382, 66 L.Ed. 789.

"The decisions of the Supreme Court of Texas in this respect are at least persuasive: 'No construction should be adopted which rests on the assumption that the legislature intended to do an unfair, unjust, or unreasonable thing.' 39 Tex.Jur. 225; Crim. v. Austin, Tex.Com.App., 6 S.W.2d 348; State v. Hogg, 123 Tex. 568, 70 S.W. 2d 699, 72 S.W.2d 593."

It would seem to me that the legislature had a right to create a cause of action and designate what person or persons were entitled to enforce it. The only limitation put upon the legislature was that such right should not contravene public policy.

The makers of the statute were confronted with the proposition to enable defendants to recover money lost by their breadwinner at gambling and to deter gambling by allowing the recovery of treble damages. Under Kentucky statutes various relationships create a legal obligation of support and maintenance. By new enactment, amendments or judicial constructions the persons included as dependents might be enlarged. Consequently rather than have one of the purposes of the statute (that of protecting dependents) defeated by possibly omitting one later named to be a dependent it gave the right to all persons. For instance, there may be cases wherein a step-father acting in loco parentis would be held to be within the class of dependents contemplated by statutes requiring support.

While I am of the opinion that this statute was primarily intended by the legislature of Kentucky to be remedial and for the protection of the dependents of those losing in gambling, I am confronted with

a decision of the United States Court of Appeals for the Sixth Circuit that uses language that would appear to bind me to hold this to be a penal statute. In Bowles, etc. v. Farmers Nat. Bank of Lebanon, Ky., 147 F.2d 425, 428, Judge Allen, in a very able opinion, used the following language:

"Moreover, if a sum of money is to be recovered by a third person for violation of a statute instead of the person injured, Huntington v. Attrill, supra, 146 U.S. 657, 668, 13 S.Ct. 224, 36 L.Ed. 1123; State of Wisconsin v. Pelican Ins. Co., 127 U.S. 265, 299, 8 S.Ct. 1370, 32 L.Ed. 239, or if the sum exacted is greatly disproportionate to the actual loss, Helwig v. United States, 188 U.S. 605, 611, 23 S.Ct. 427, 47 L.Ed. 614, it constitutes a penalty rather than damages. The fact that the sum is to be recovered in a civil action does not determine the nature of the exaction. Hepner v. United States, 213 U.S. 103, 29 S.Ct. 474, 53 L.Ed. 720, 27 L.R.A.,N.S., 739, 16 Ann. Cas. 960; United States v. Zucker, 161 U.S. 475, 16 S.Ct. 641, 40 L.Ed. 777; Lees v. United States, 150 U.S. 476, 14 S.Ct. 163, 37 L.Ed. 1150; Jacob v. United States, 13 Fed.Cas. No. 7,157."

It must be considered, however, that in that case an entirely different state of fact existed. There the O.P.A. Administrator was suing under Section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(e), to recover treble damages for sales exceeding the ceiling price on a quantity of whiskey. The Act was held to be penal and an action for damages by the Administrator did not survive the death of one charged with the violation.

While the language I have quoted is certainly well applied in that state of case to allow that language to defeat the purpose of the legislature in enacting a fair and just remedy for those seriously agrieved by declaring any act permitting a third person to sue to be penal would bring about a clear miscarriage of justice and set forth a dangerous precedent. I cannot agree that Huntington v. Attrill, supra, laid down such a rule and do not believe the Court of Appeals for the Sixth Circuit intended to so imply.

Both the statute and the judicial decisions of Kentucky declare the right to institute such an action. The federal courts sitting within Kentucky have no choice but to entertain jurisdiction where other necessary jurisdictional facts are properly alleged. It is true that this has been called a penal statute by the Kentucky Court of Appeals. Jacob v. Clark, et al., 115 Ky. 255, 72 S.W. 1095. The court based its decision on the ground that if it were not a penal statute it would be unconstitutional. The defendants urge that under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, this court is bound by the Kentucky court's pronouncement and must hold that the statute is penal and therefore no action will lie under federal jurisdiction. I can't agree with this reasoning. While it is true that federal courts must follow strictly the state court decisions, in construction of a state statute such as this (it was true even before Erie R. Co. v. Tompkins, supra), they do not have to accept the language used by the State court as actually expressing the true situation.

In the following portion of the opinion in Farless, et al. v. Morehead, et al., 201 F. 310, 314, the Sixth Circuit Court of Appeals, speaking through Judge Denison, said:

"One who wins a bet, and pursuant to the bet receives money or property, does not get an indefeasible title; if the loser can do so peaceably, he may retake the money or property, and his title would be good. The money paid under such a bet having been paid without consideration, the loser could (except for the rule of public policy which forbids a remedy) maintain an action for money had and received. The only thing preventing such prosecution is the obstacle created by the legal rule that the law will not listen to a plaintiff in such a plight; so in one sense, and a very fair sense, a statute like that under consideration does not create any nonexistent property right. It removes an obstacle to the assertion of a right. In effect (and even giving it a construction broader than we adopt in this case) the statute only says to citizens of Ohio: 'When you are sued in the courts of this state to recover money

you have wrongfully received, the fact that you won it by gaming shall no longer be a good defense.' "

In Huntington v. Attrill, supra, the court commented as follows:

"The test is not by what name the statute is called by the legislature or the courts of the state in which it was passed, but whether it appears, to the tribunal which is called upon to enforce it, to be, in its essential character and effect, a punishment of an offense against the public, or a grant of a civil right to a private person."

■ This is a private individual seeking redress for his private benefit. The late Judge Merrill E. Otis gave a most practical rule in State ex rel, Warren v. F. W. Woolworth Co., D.C., 30 F.Supp. 410, 411. I quote:

"It would seem to us * * * that a suit by the state or for the state or by an official in behalf of the state, to recover a penalty for some wrongful act from an individual, to recover that penalty for the state or for disposition by the state to some governmental agency of the state, must be a suit which is not civil in its nature. A suit civil in its nature is an action for private injury looking to a recovery for private benefit."

If this is a penal statute it would prevent a wife or child or aged parent from bringing an action to recover the loss and damages. Of course, it can be said that such an action could be brought in the state court. If that is the answer it must necessarily follow that this is a remedial and not a penal statute. While it is true that the right to bring a civil action does not make it a remedial statute such a right must bear upon the primary purpose of the statute as being remedial rather than penal.

■ It seems to me a most narrow view of jurisdiction to hold that a Kentucky court has jurisdiction to entertain an action created by statute and award the litigants their respective rights while a Federal court sitting in the same county in Kentucky denies that right on the ground that the statute must be construed to be only penal and has no other purpose. This is what might be called the ultra legalistic view. Such was never the intention of the

law when it laid down the principle that penalties could not be enforced in a foreign jurisdiction. That meant a "penalty" in the real sense of the word where a punishment was sought to be meted out in the nature of a fine. The broader and to me the far more sensible view is to quit splitting hairs over the imaginary line of legal fiction of jurisdiction between the state and Federal courts within the same state. All courts in a state should have jurisdiction of any action properly before it where it has jurisdiction of the parties and the subject matter unless expressly denied jurisdiction by statute.

The following language of Mr. Justice Cardozo, while on the New York Court of Appeals, in Loucks et al. v. Standard Oil Co. of New York, 224 N.Y. 99, 120 N.E. 198, 202, expresses what to me seems the sensible view:

"The sovereign in its discretion may refuse its aid to the foreign right. St. Louis, I. M. & S. R. Co. v. Taylor, 210 U.S. 281, 28 S.Ct. 616, 52 L.Ed. 1061; Dougherty v. American McKenna Process Co., 255 Ill. 369, 99 N.E. 619, L.R.A.1915F, 955, Ann.Cas.1913D, 568. From this it has been an easy step to the conclusion that a like freedom of choice has been confided to the courts. But that, of course, is a false view. Cuba R. Co. v. Crosby, supra, 222 U. S. [473], 478, 32 S.Ct. 132, 56 L.Ed. 274, 38 L.R.A.,N.S., 40. The courts are not free to refuse to enforce a foreign right at the pleasure of the judges, to suit the individual notion of expediency or fairness. They do not close their doors, unless help would violate some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal."

In discussing this most interesting question a note in 23 Am.Jur. 1947 Pocket Parts, page 20, has this to say:

"However, the view that the United States is a sovereignty distinct and separate from the states, and foreign thereto, in contemplation of the rule that the penal laws of a foreign jurisdiction will not be enforced in the courts of another sovereignty, has also met with disfavor at least as far as to Federal penal laws which are not strictly criminal in their nature."

This broader view has been taken by the Court of Appeals for the Seventh Circuit in dealing with the Illinois Dram Shop Act, Ill.Rev.Stat.1939, c. 43, § 135. In Cross et al. v. Ryan, 124 F.2d 883, 886, that court said:

"In the case at bar, there is nothing of a criminal nature about the suit. The State has no interest in the recovery or the proceeds thereof. The fact that the recovery of damages under this Section may help the State in its policy to regulate the sale of intoxicating liquor, does not make a suit to recover the damages a suit in its nature other than a civil suit. Whether it is a suit of a civil nature is not to be determined by whether the statute is to be considered as penal or remedial for the purpose of applying the rule of strict construction. The test is whether the action brought to recover under the cause of action given by the statute is essentially a suit to vindicate a private right as distinguished from punishment in a criminal action. Gruetter v. Cumberland Telephone & Telegraph Co., C.C., 181 F. 248–251."

I must conclude that the Motion to Dismiss should be overruled and an Order to that effect is this day entered.