### HARTLIEB v. CARR et al.
### No. 432.

United States District Court
E. D. Kentucky, Covington.
Jan. 13, 1950.

Melvin Schaengold, Cincinnati, Ohio, for plaintiff.

Sawyer A. Smith, Covington, Ky., for defendants.

SWINFORD, District Judge.

█ It is continually argued in defendants' brief that this statute, KRS 372.-040, is solely for the purpose of deterring gambling. There is nothing in the statute that says that, nor is it proper for this Court to assume to legislate or charge the legislative branch of the government with an interpretation which is not clearly evidenced in the legislation. The statute is meant to protect the homes of those who cannot afford to be enticed into gambling establishments to dissipate their earnings or property to the distress of their families. The treble damage feature may be for a deterrent just as punitive damages may be awarded in other types of civil cases. The treble damages are not compulsory, but left solely to the discretion of the court or jury. What right has this court to say that the legislature may not create a civil cause of action and give a right of recovery to whom it pleases and permit such damages as in its discretion are proper? As has been pointed out, where legislation is for a dual purpose it is not penal within the meaning of the rule that one sovereignty will not enforce the penal laws of another.

It is argued by counsel for the defendant that because the statute permits one who was not a party to the transaction, or a third party, to bring suit for recovery the statute is penal. The Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. does the same thing. It permits an administrator to bring suit for wrongful death on behalf of the widow or others named in the statute. It denies the right to plead contributory negligence as a penalty for failure on the part of the railroad company to comply with certain safety measures.

The Workmen's Compensation Act, KRS 342.001 et seq., is of a similar nature, yet clearly these measures are within the legislative discretion. Certain of their provisions definitely for the punishment of employers for failure to comply do not make them causes of action for the recovery of a penalty.

█ The Legislature gave this plaintiff, a wife, the right to recover her husband's losses of money which she had a moral and legal right to have used for her support and comfort; it provided for the right to recover treble damages, which could or could not be given, in the nature of punitive damages for wrongdoing. It took from the defendant a defense, that of pleading equal guilt of the parties or that they were in pari delicto and the law would leave them where it found them. This legislation is strikingly similar, in its recognition of a legislative function, to that where certain defenses are denied corporations and individuals who fail to comply with the law. The statute in question in the instant case is similarly both remedial and penal and therefore enforceable. Collins v. Kidd, D.C., 38 F.Supp. 634; State of Iowa v. Chicago, B. & Q. R. Co., C.C., 37 F. 497, 499, 3 L.R.A. 554. The following quotation from this latter case is pertinent:

"That a case may partake something of the nature of both is as might be expected, and naturally it is not always clear which element predominates. Thus, in a civil action for damages for a tort, punitive damages are sometimes awarded. There is therefore present the double element of a redress of a private injury and the punishment of a public wrong; but, inasmuch as the full recovery goes to the injured party, as he controls the whole proceeding, and the form of the action is civil, it may well

be inferred that the civil element predominates, and the action be considered one of a civil nature."

The complaint is too vague and indefinite as to the time of the alleged losses and the plaintiff will have to amend her complaint and state on what dates approximately the alleged losses occurred.

The plaintiff's "Second Cause of Action", so denominated, does not state a cause of action on which relief can be granted and the defendants' motion to dismiss the second cause of action should be sustained.

The opinion of this Court in the case of Salonen v. Farley, D. C., 82 F.Supp. 25, is adopted as a part of this Memorandum Opinion and made a part of this record.