Samuel TUCKER and Samuel Schrader, Appellants, v. Margaret P. CUTLER, Appellee.

No. 11153.

United States Court of Appeals Sixth Circuit.

Oct. 13, 1950.

Writ of Certiorari Denied Feb. 26, 1951.

Davies & Hirschfeld, Newport, Ky., Daniel W. Davies, Newport, Ky., for appellants.

Ebert, Cook & Burke, Newport, Ky., Henry J. Cook, Newport, Ky., for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This appeal was heard on the record, briefs and oral argument of counsel for respective parties;

And the Court being of the opinion that the Trial Judge was not in error in the construction which he gave to Section 372.040, Kentucky Revised Statutes, upon which appellee's cause of action was based; and

That the Trial Judge was not in error in refusing to give an instruction to the jury upon the defense alleged in the sixth defense of the answer, alleging connivance and conspiracy by appellee with her husband; Section 525, Carroll's Kentucky Civil Code of Practice; Orleans v. Platt, 99 U.S. 676, 678, 25 L.Ed. 404; Bird v. United States, 187 U.S. 118, 132, 23 S.Ct. 42, 47 L.Ed. 100.

It is ordered that the judgment of the District Court be and is affirmed for the reasons given by the District Judge in his opinions in the cases on the Covington, Kentucky Docket, styled Hartlieb v. Carr et al., D.C., 94 F.Supp. 279 and Salonen v. Farley et al., D.C., 82 F.Supp. 25.

Fred N. ACKER, Appellant, v. UNITED STATES of America, Appellee.

No. 11213.

United States Court of Appeals Sixth Circuit.

Dec. 4, 1950.

Howell Leuck, Cleveland, Ohio, for appellant.

Don C. Miller, Cleveland, Ohio and John J. Kane, Jr., Cleveland, Ohio, for appellee.

Before SIMONS, MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

This cause has been heard and submitted on the record and on the briefs and oral arguments of the respective attorneys for the appellant and the United States;

And it appearing that there was ample and abundant evidence to support the judgment of conviction and sentence, and that the trial court committed no reversible error in charging the jury, in admitting or excluding evidence, or in any procedural matter;

The judgment is affirmed.